CASE NO. 24-1434

UNITED STATES COURT OF APPEALS THIRD CIRCUIT

---

LEE WILLIAMS, *individually and*
*in his representative capacity*

Plaintiff – Appellant

v.

CLASS ACTION

TECH MAHINDRA (AMERICAS), Inc.

Defendant – Appellee

---

APPEAL OF THE MARCH 6, 2024 ORDER OF FINAL DISMISSAL BY THE
U.S. DISTRICT COURT, FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 3:20-CV-04684
THE HONORABLE MICHAEL A. SHIPP PRESIDING

---

**PRINCIPAL BRIEF OF PLAINTIFF-APPELLANT
LEE WILLIAMS**

---

A CIVIL PROCEEDING

---

Mark Hammervold
Daniel Kotchen
KOTCHEN & LOW LLP
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
mhammervold@kotchen.com
dkotchen@kotchen.com

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ....................................................................... ii

TABLE OF AUTHORITIES ................................................................ iv

STATEMENT OF JURISDICTION ..................................................... 1

STATEMENT OF THE ISSUES ........................................................... 2

STATEMENT OF RELATED CASES .................................................. 3

STATEMENT OF THE CASE ............................................................... 3

   I.   TMA's Pattern or Practice of Discrimination ................................. 3

   II.  The *Grant v. TMA* Class Action Lawsuit. ................................. 7

   III. The *Williams v. TMA* Class Action Lawsuit. ......................... 11

   A.  Mr. Williams' Successful Appeal of TMA's First Dismissal of Complaint…................................................................................. 11

   B.  The Dismissal of Mr. Williams' Complaint a Second Time .................... 13

SUMMARY OF THE ARGUMENT ................................................... 17

ARGUMENT ....................................................................................... 17

   I.   The Standard of Appellate Review is *De Novo* ......................... 17

   II.  Plaintiff's § 1981 Class Claim Should Not Have Been Dismissed Pursuant to Rule 12(b)(6) Based on TMA's Statute of Limitations Defense because Equitable Tolling Preserved that Claim ........................................... 19

   A.  A Claim Should Not be Dismissed Pursuant to Rule 12(b)(6) Based on a Statute of Limitations Defense if Equitable Tolling Potentially Preserves that Claim. ................................................................................................. 20

   B.  Under Both Federal and New Jersey State Law, a Plaintiff's Statute of Limitations Should be Equitably Tolled Where the Plaintiff Timely Attempted to Assert the Claim at Issue within the Statute of Limitations in a Court that Turned Out to Be the Wrong Forum. .......................................... 21

   C.  The Statute of Limitations for Plaintiff's § 1981 Class Claim Should Have Been Equitably Tolled While Plaintiff Timely, but Mistakenly, Attempted to Assert that Claim in the Existing Grant Class Action. ................................... 24

     i.  Plaintiff Timely Attempted to Assert his § 1981 Class Claim in the Grant Class Action. ........................................................................................ 26

**ii.  Plaintiff Had a Reasonable Basis for Asserting His Rights in the Existing Grant Class Action in North Dakota**...............................................28

**iii.  Plaintiff Diligently Filed this Action After the Motion to Amend in the Grant Class Action was Denied** ......................................................31

**iv.  The Unique Procedural History and Particular Equities of this Case Direct Application of Equitable Tolling Here.** ..............................................33

**III. The District Court's Finding that Equitable Tolling was Categorically Inapplicable to Plaintiff's Class Action Pattern or Practice Discrimination Claim was Erroneously Based on an Incorrect Legal Standard and Also Premature.**.......................................................................................38

**A.  The District Court Erroneously Found that Equitable Tolling is Inapplicable to Mr. Williams' Claim Based on an Incorrect Legal Standard.**...................................................................................39

**B.  The District Court's Decision Not to Apply Equitable Tolling was Premature at the Rule 12(b)(6) Stage.**..........................................49

**C.  The District Court Erred by Finding Equitable Tolling was Inapplicable Based on a New Argument Raised by the Defendant for the First Time in its Reply** .........................................................53

**CONCLUSION**.................................................................................54

**CERTIFICATE OF BAR MEMBERSHIP**.........................................55

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT** .........55

**ELECTRONIC DOCUMENT CERTIFICATE**....................................56

**CERTIFICATE OF SERVICE** ........................................................56

# TABLE OF AUTHORITIES

**CASES**

*Alston v. Forsyth*, 379 Fed. Appx. 126 (3d Cir. May 13, 2010) ..............................54

*Angles v. Dollar Tree Store,* 494 Fed. Appx. 326 (4th Cir. 2012) .......... 43,45,46,47

*Anspach v. City of Phila.*, 503 F.3d 256 (3d Cir. 2007) .........................................53

*Arnold v. N.J.,* No. 03-3997 (WHW), 2009 U.S. Dist. LEXIS 142977 (D.N.J. Jun. 9, 2009) ..................................................................................................................22

*Artis v. District of Columbia*, 138 S. Ct. 594 (2018) ...............................................32

*Bell v. Lockheed Martin Corp.*, No. 08-6292, 2010 U.S. Dist. LEXIS 62957 (D.N.J. June 23, 2010) ............................................................................... 27,28,53

*Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967 (3d Cir. 2023) ....................51

*Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005) .....................................................44

*Brinson v. Vaughn*, 398 F.3d 225 (3d Cir. 2005)................................................ 17,18

*Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965)............................... 27,33,34,38

*Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.,* 721 F.2d 68 (3d Cir. 1983) ..............................................................................................................................44

*Catanese v. Unilever,* 774 F. Supp. 2d 684 (D.N.J. 2011) ......................................29

*Champney v. Sec'y Pa. Dep't of Corr.*, 469 Fed. Appx. 113 (3d Cir. 2012) ...........17

*Chardon v. Fumero Soto*, 462 U.S. 650 (1983)................................................ 32,33

*China Agritech v. Resh,* 138 S.Ct. 1800 (2018)............................................. *passim*

*Claiborne v. FedEx Ground Package Sys.*, No. 18-1698, 2019 U.S. Dist. LEXIS 168141 (W.D. Pa. Sept. 30, 2019)............................................................ 23,33,34

*Crews v. Cathel,* No. 04-4732, 2007 U.S. Dist. LEXIS 24068 (Apr. 2, 2007) .......33

*Crown v. Parker,* 462 U.S. 345 (1983) ....................................................................37

*Cunningham v. M&T Bank Corp.*, No. 1:12-CV-1238, 2013 U.S. Dist. LEXIS 155478 (M.D. Pa. Oct. 30, 2013) .........................................................................49

*D.J.S.-W. v. United States*, 962 F.3d 745 (3d Cir. 2020)................................... 15,41

*DePalma v. Scotts Co. LLC*, No. 13-7740, 2017 U.S. Dist. LEXIS 8884 (D.N.J. Jan. 20, 2017)................................................................................................. 22,41

*Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386 (3d Cir. 1994) .... 23,49,50

*Drennan v. PNC Bank, N.A.*, 622 F.3d 275 (3d Cir. 2010) .....................................49

*Flores v. Predco Servs. Corp.*, No. 10-1320, 2011 U.S. Dist. LEXIS 25588 (D.N.J. Mar. 11, 2011) ................................................................................. 25,44

*Freeman v.*  788 A.2d 867 (N.J. Super. Ct. App. Div. 2002) ................................23

*Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir. 1977).........38

*Goldblatt v. NCUA,* No. 11-334, 2011 U.S. Dist. LEXIS 103880 (D. Conn. Sept. 14, 2011) ..................................................................................................... 45,47

*Hoffman La Roche Inc. v. Genpharm Inc.*, 50 F.Supp.2d 367 (D.N.J. 1999) .........31

*Holland v. Florida*, 560 U.S. 631 (2010) ................................................................32

*Holmberg v. Ambrecht*, 327 U.S. 392 (1946) .........................................................41

*Horton v. Virtual Officeware Healthcare Sols.,* No. 2:22-CV-1219-NR, 2022 U.S. Dist. LEXIS 207603 (W.D. Pa. Nov. 16, 2022) ....................................................42

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990) ..........................................42

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694 (1982) ......29

*Island Insteel Sys. v. Waters*, 296 F.3d 200 (3d Cir. 2002) ............................ *passim*

*Jones v. Morton*, 195 F.3d 153 (3d Cir. 1999) ........................................................23

*Kammerdeiner v. Superintendent Albion Sci*, 841 Fed. Appx. 416 (3d Cir. 2021) .18

*Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436 (3d Cir. 2024) ............................... 18,19

*Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748 (3d Cir. 1983) .....................24

*Lewis v. N.J. Dep't of Child. & Fams.,* No. 22-50044, 2023 U.S. App. LEXIS 18725 (3d Cir. Jul. 24, 2023) ................................................................................44

*Lindley v. Life Invs. Ins. Co. of Am.,* No. 08-CV-0379-CVE-PJC, 2009 U.S. Dist. LEXIS 74582 (D. Okla. Aug. 20, 2009) ..............................................................37

*Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000) .................................................... 19,21

*Lozano v. Alvarez,* 572 U.S. 1 (2014) .....................................................................32

*Menominee Indian Tribe v. United States*, 577 U.S. 250 (2016) ...........................22

*Miller v. Hudson (Estate of Miller)*, 528 Fed. Appx. 238 (3d Cir. 2013).......... 19,21

*Miller v. N.J. State Dep't of Corr.* 145 F.3d 616 (3d Cir. 1998) ...................... 22,42

*Moore v. Indiana*, 999 F.2d 1125 (7th Cir. 1993) ..................................................40

*Nkomo v. AG of the United States*, 986 F.3d 268 (3d Cir. 2021) ...........................18

*Oetting v. Heffler*, No. 11-4757, 2017 U.S. Dist. LEXIS 128089 (E.D. Pa. Aug. 11, 2017) ................................................................................. 40,45,47,48

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) ................................................................................... 22,23,41

*Paskuly v. Marshall Field & Co.,* 494 F. Supp. 687 (N.D. Ill. 1980) ............... 24,38

*Polysciences, Inc. v. Masrud,* 2023 U.S. App. LEXIS 11635 (3d Cir. May 11, 2023) ................................................................................. 31,32,52

*Poole v. Marks*, 441 F. App'x 854 (3d Cir. 2011) ....................................48

*Red Bull Assocs. v. Best Western Int'l,* 862 F.2d 963 (2d Cir. 1988) ......................38

*Rivers v. Nat'l Ass'n of Letter Carriers, Loc. 673,* Civ. A. No. 15-3070, 2016 U.S. Dist. LEXIS 11679 (D.N.J. Feb. 1, 2016) ...........................................53

*Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) ...............................17

*Rodriguez v. Atl. Cnty. Jail*, No. 23-925 (CPO) (EAP), 2023 U.S. Dist. LEXIS 225506 (D.N.J. Dec. 19, 2023).......................................... 23,42

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) ................................. 20,21

*Sec. & Data Techs. v. Sch. Dist. of Phila*., 2016 U.S. Dist. LEXIS 176203 (E.D. Pa. Dec. 20, 2016) .........................................................24

*Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002) .............................52

*United States v. Ibarra,* 502 U.S. 1 (1991) ..................................32

*United States ex rel. Mathews v. HealthSouth Corp.,* 332 F.3d 293 (5th Cir. 2003) ................................................................................. 45,48,49

*Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977) ..............................38

*Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019).............................15

*Williams v. Tech. Mahindra (Ams.), Inc. ("Williams I")*, 70 F.4th 646 (3d Cir. 2023) ............................................................... *passim*

*Wiggins v. Albert Einstein Med. Ctr.,* No. 20-3129, 2022 U.S. App. LEXIS 10973 (3d Cir. Apr. 22, 2022) ................................................ *passim*

*Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004)...............................................36

## STATUTES & RULES

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1331 ..................................................................................1

28 U.S.C. § 1332 ..................................................................................1

28 U.S.C. § 1658 ..................................................................................3

42 U.S.C. § 1981 ........................................................................ *passim*

42 U.S.C. § 2000e ................................................................................7

Fed. R. Civ. P. 12(b)(6).............................................................. *passim*

D.N.J. Local Rule 7.1(d)(6) ...............................................................53

## <u>STATEMENT OF JURISDICTION</u>

The District Court had subject matter jurisdiction over this federal employment discrimination class action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981(a), and 28 U.S.C. § 1332(d).

On February 5, 2024, the District Court entered an order dismissing Plaintiff Lee Williams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), without prejudice. Appendix, Volume I, at page 3 [hereinafter "Appx., Vol. __, at __"].

On February 20, 2024, Plaintiff filed a notice of his intention to stand on his original complaint and to not seek to amend it. Appx., Vol. II, at 236.

On March 6, 2024, the District Court entered an order dismissing Plaintiff's complaint, with prejudice, in response to that pleading. Appx., Vol. I, at 4. That same day, Plaintiff timely filed a notice of appeal. Appx., Vol. I, at 1. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## **STATEMENT OF THE ISSUES**

I.    Did the District Court err when it found that equitable tolling was categorically unavailable as a matter of law when the Plaintiff diligently and reasonably asserted his class action 42 U.S.C. § 1981 claim through a motion to amend to join an existing class action simply because the motion to amend was denied?

II.   Was the District Court's dismissal of Plaintiff's 42 U.S.C.§ 1981 class claim as time-barred premature, when the Plaintiff raised the issue of equitable tolling?

III.  Did the District Court err by finding that Plaintiff's 42 U.S.C.§ 1981 class claim was time-barred based on a new argument Defendant raised for the first time in its reply brief?

➢ TMA raised the statute of limitations defense and disputed equitable tolling at Appx., Vol. II, at 32-45.

➢ Plaintiff addressed the statute of limitations and equitable tolling issues at Appx., Vol. II, at 85-99.

➢ The district court decided these issues at Appx., Vol. I, at 11-16.

## STATEMENT OF RELATED CASES

As discussed in Plaintiff's Statement of the Case, *supra*, this case is related to *Grant v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684, a similar class action case that was previously filed in the District of North Dakota where Plaintiff Lee Williams attempted to intervene and pursue his 42 U.S.C. § 1981 class action claim before his statute of limitations ran.

## STATEMENT OF THE CASE

This is an appeal from a district court order dismissing Plaintiff's class action lawsuit against Tech Mahindra (Americas), Inc. ("TMA") as untimely pursuant to Rule 12(b)(6) and 28 U.S.C. § 1658. Plaintiff alleges that TMA engages in a pattern or practice of racial discrimination against non-South Asians in violation of 42 U.S.C. § 1981 ("§ 1981").

### I.    TMA's Pattern or Practice of Discrimination.

Plaintiff Lee Williams brought this action to remedy TMA's pervasive discriminatory scheme to favor South Asians in employment decisions throughout the United States.

TMA is an Indian information technology company with approximately 25 offices and 5,100 employees in the United States. Appx., Vol II, at 2-4 (¶¶ 2, 10). TMA operates under a general policy of discrimination in favor of South Asians and against individuals who are not South Asian, preferring South Asians in its hiring,

3

staffing, promotion, and termination decisions. Appx., Vol II, at 4-5 (¶ 12). As a result of this practice, over 90% of TMA's U.S.-based workforce is South Asian, even though that racial group comprises only 1-2% of the U.S. population and 12% of the relevant labor market. Appx., Vol II, at 2-5 (¶¶ 2, 12). The vast majority, if not all, of TMA's managerial and supervisory positions in the United States are filled by South Asian individuals. Appx., Vol II, at 6 (¶ 17).

TMA's policy or practice of discrimination in favor of South Asian employees and applicants has several components. Appx., Vol II, at 4-6 (¶¶ 12-18). First, to fulfill its preference for South Asian employees, TMA fraudulently applies for massive amounts of H1-B visas, far in excess of its available positions in the United States. Appx., Vol II, at 5-6 (¶¶ 13-14). Although TMA only has about 5,000 employees in the United States, it obtained 2,553, 3,344, and 4,931 H1-B visas in 2015, 2016 and 2017, respectively. Appx., Vol II, at 5-6 (¶ 14). All, or substantially all, of these visa recipients are South Asian, and TMA gives these individuals preference for its open positions in the U.S. and/or removes non-South Asian individuals from current positions in order to place them. Appx., Vol II, at 6 (¶ 15). Second, TMA hires a disproportionate percentage of South Asians within the United States that far exceeds the proportion of those individuals in the relevant labor market. Appx., Vol II, at 6 (¶ 16). Third, TMA gives preference to South Asians over non-South Asians in making promotion decisions. Appx., Vol II, at 6 (¶ 17).

Fouth, TMA terminates non-South Asians at disproportionately higher rates compared to South Asians. Appx., Vol II, at 6 (¶ 17).

Due to TMA's business model, its general policy and practice of discrimination impacts existing employees and external applicants in the same general fashion. Appx., Vol II, at 4-5 (¶ 12). Once TMA secures a contract with a client, it hires individuals for the client project. Appx., Vol II, at 4 (¶ 11). Both external applicants and existing employees must apply and interview for these positions. *Id.* Once a position comes to an end, or an employee is removed from a project, the employee is placed in non-productive status and must seek new positions within TMA, going through an application and interview process like an external applicant. *Id.*

Mr. Williams is a highly skilled senior technology sales executive with over 20 years' of experience. Appx., Vol II, at 7 (¶ 20). He is Caucasian. Appx., Vol II, at 3 (¶ 4). Mr. Williams has held a variety of director and vice president-level roles throughout his career. *Id.* When TMA hired Mr. Williams, it was particularly interested in his contacts with the approximately ten banking clients to whom he would be assigned in the Midwest. *Id.* at ¶ 21. Mr. Williams was hired by TMA on June 2, 2014 as a Regional Manager / Senior Director of Business Development and is Caucasian. Appx., Vol II, at 7 (¶ 21). Mr. Williams was assigned to a South Asian manager and six of the eight new hires in his group were South Asians. Appx., Vol

II, at 7-8 (¶ 22). During his employment, Mr. Williams attended three regional meetings attended by project managers, sales people, and subject matter experts employed by TMA. Appx., Vol II, at 8 (¶ 25). Of the approximately 90 to 100 attendees at these meetings, the vast majority (over 90%) were South Asian. *Id.* Hindi was often spoken socially at these meetings, to the exclusion of Mr. Williams, a native English speaker. *Id.*

Shortly after he was hired, TMA asked Mr. Williams to enter his professional banking contacts into TMA's Salesforce CRM system, which he had acquired through his over twenty years' of sales experience. Appx., Vol II, at 8 (¶ 23). Upon calling on his assigned banking clients after joining TMA, Mr. Williams learned that TMA had a poor relationship with them, contrary to what TMA had told Mr. Williams in the interview process. Appx., Vol II, at 7-8 (¶¶ 21, 24).

Despite these significant challenges, Mr. Williams performed well in his role, and successfully identified sales opportunities that he was still pursuing when terminated by TMA, including four opportunities with PNC totaling over $3 million in potential sales. Appx., Vol II, at 8-9 (¶ 26). However, because of TMA's pattern or practice of discrimination, the company never promoted Mr. Williams. Appx., Vol II, at 9 (¶ 27). In June 2015, TMA put Mr. Williams on a 60-day performance improvement plan, setting unreasonable revenue goals that were unattainable given the company's poor working relationship with the accounts in Mr. Williams'

territory. Appx., Vol II, at 9 (¶ 27). The imposition of this plan was a pretext designed to set Mr. Williams up to fail so that TMA could terminate his employment. *Id.* On August 19, 2015, TMA fired Mr. Williams because of TMA's pattern or practice of discrimination. *Id.* ¶ 28.

## II.    The *Grant v. TMA* Class Action Lawsuit.

On August 10, 2018, another plaintiff, Roderick Grant, filed a similar class action lawsuit against TMA: *Grant v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 ("*Grant* Class Action"), alleging discrimination against non-Indians and non-South Asians in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq.* Appx., Vol. II, at 167-183. Mr. Grant filed that lawsuit in the District of North Dakota, which was a proper venue for his claims because TMA had employed Mr. Grant in Fargo, North Dakota. Appx., Vol. II, at 102 (¶ 7). The *Grant* Class Action also targeted TMA's pattern or practice of discrimination against non-South Asians, and Mr. Grant sought to represent a class of "All persons who are not of South Asian race or Indian national original who sought a position with (or within) TMA and were not hired, who sought a promotion within TMA and were not promoted, and/or who TMA involuntarily terminated." Appx., Vol. II, at 177 (¶ 33). Since Mr. Williams is not South Asian and TMA involuntarily terminated him on August 19, 2015, he was a member of that putative class. Appx., Vol. II, at 3 (¶ 4), 9 (¶ 28), 177 (¶ 33).

7

On October 15, 2018, TMA filed a motion to dismiss the *Grant* Class Action. Appx., Vol. II, at 115. However, on February 26, 2019, TMA withdrew that motion and filed a motion to compel arbitration of Mr. Grant's *individual* claims, thereby procedurally precluding his class claims. *Id.* Mr. Grant's Counsel—the same attorneys who now represent Mr. Williams in his class lawsuit against TMA— disputed the enforceability of the arbitration clause, including because they believed that the arbitration agreement had expired and did not cover post-expiration disputes, that it did not cover Mr. Grant's statutory antidiscrimination claims, and that it expressly did not cover at least some of the relief sought in the class action. *See* Appx., Vol. II, at 147-153. Mr. Grant's arguments were not only reasonable at the time, but Mr. Grant's Counsel continues to believe they were correct. Appx., Vol. II at 103 (¶ 10).

On June 5, 2019, Mr. Grant filed a motion to amend to add Mr. Williams as an additional representative plaintiff to the class action. Appx., Vol. II, at 106-140. That motion attached the proposed amended complaint as an exhibit, which asserted the same § 1981 classwide pattern or practice of discrimination claim that Mr. Williams later pled in this case. Appx., Vol. II, at 112 ("Plaintiff now seeks to amend the complaint to add Lee Williams, a former employee of TMA, as a Named Plaintiff and to join him to Counts I-III of the Complaint. . . . *See* Proposed 1st Am. Compl. ¶ 35 (Ex. A)"); *see* Appx., Vol II, at 179 (¶¶ 42-45). This was the proper procedural

mechanism to raise Mr. Williams' claims in the *Grant* Class Action. Appx., Vol. II at 103 (¶ 11).

At the time, moving to amend to add his claims to the existing *Grant* Class Action was the most reasonable and efficient means for Mr. Williams to assert his right to serve as a class representative plaintiff and to pursue his § 1981 class action pattern or practice claim because filing a duplicative lawsuit elsewhere would be improper and subject to dismissal under the first filed-rule. Appx., Vol. II at 104-105 (¶¶ 13, 15, 16). Additionally, TMA had not previously objected to venue or personal jurisdiction in North Dakota for that case.

When requesting leave to amend to add Mr. Williams' claims and to add Mr. Williams as a class plaintiff, Plaintiff's Counsel advised the court that "[w]hile Plaintiff disputes the enforceability of the arbitration agreement in Mr. Grant's employment letter and opposes TMA's motion to compel arbitration, the [proposed] amendment will promote efficiency by ensuring that if Mr. [Grant], the current sole named plaintiff, becomes unable to serve as class representative at some point there will be another individual present to take his place." Appx., Vol. II, at 118. Plaintiff's Counsel also argued that permitting the amendment – rather than having Mr. Williams file his similar claims in a separate class action – would promote efficiency and may be required by Rule 19 to prevent inconsistent verdicts. Appx., Vol. II, at 119.

TMA opposed the motion for leave to amend because it claimed that it was not subject to specific personal jurisdiction in North Dakota as to Mr. Williams' claims, that Mr. Williams' claims were dissimilar to Mr. Grant's, and that a decision in TMA's favor on the motion to compel arbitration would render Plaintiff's motion to amend moot. Appx., Vol. II, at 143.

TMA's jurisdictional objections to the motion to amend to add Mr. Williams and his claims to the *Grant* Class Action were premised on whether Mr. Grant should be compelled to arbitrate his claims, which was a complicated and disputed legal issue (that had not yet been decided by the court as of June 5, 2019). Appx., Vol. II at 105 (¶ 17).

On December 5, 2019, the magistrate judge issued a report and recommendation for granting TMA's motion to compel arbitration of Mr. Grant's individual claims, staying the case, and denying the motion to amend to add Mr. Williams as a class plaintiff. Appx., Vol. II, at 141-163. On February 6, 2020, the district court entered an order adopting those recommendations, compelling Mr. Grant to arbitrate his individual claims, denying the motion for leave to amend, and otherwise staying the case. Appx., Vol. II, at 164-166. Counsel for Mr. Williams continues to believe this was wrongfully decided by the district court. Appx., Vol. II at 105 (¶ 17).

### III.    The *Williams v. TMA* Class Action Lawsuit.

On April 19, 2020, Mr. Williams filed the instant action. Appx., Vol. II at 1. Mr. Williams alleges a single count: a class action pattern or practice discrimination claim under 42 U.S.C. § 1981. Appx., Vol. II, at 11-12. When he moved the amend to join the *Grant* Class Action, Mr. Williams asserted this same claim on behalf of the same putative class. *Compare* Appx., Vol. II, at 1-13, *with* Appx., Vol. II, at 122-140.

### A. Mr. Williams' Successful Appeal of TMA's First Dismissal of Complaint.

TMA previously moved to dismiss Mr. Williams' claim on three grounds: lack of Article III standing, untimeliness under the statute of limitations, and failure to allege a plausible claim of race discrimination. *Williams v. Tech. Mahindra (Ams.), Inc. ("Williams I")*, 70 F.4th 646, 650 (3d Cir. 2023). The District Court determined that Mr. Williams had standing to pursue his claim. *Id.*

On the statute of limitations issue, Mr. Williams argued that his individual § 1981 claim was timely based on *American Pipe* tolling and that his class action § 1981 claim was timely based on equitable tolling. *See id.* The District Court agreed that Mr. Williams' individual § 1981 claim was timely, but found that Mr. Williams' §1981 class claim was time-barred because *China Agritech* limited *American Pipe* tolling from applying to successive class action. *See id.* (discussing *China Agritech v. Resh,* 138 S.Ct. 1800 (2018)).

11

After finding that Mr. Williams was precluded from pursuing his § 1981 claim on a classwide basis (and through a pattern or practice framework), the District Court found that Mr. Williams had not sufficiently pled the elements for an individual § 1981 claim and dismissed that claim without prejudice. *See id.*

On appeal, Mr. Williams argued that the District Court had erred on the statute of limitations issue by conflating *American Pipe* and equitable tolling and in finding that equitable tolling was unavailable as a matter of law based on *China Agritech*. *Id.* at 650-651.

This Court agreed with Mr. Williams and vacated the District Court's dismissal of his § 1981 class claim because "it was error for the District Court to dismiss Williams's class action allegations as untimely without considering wrong-forum tolling." *Id.* at 651. This Court remanded "for the District Court to consider whether wrong-forum tolling applies." *Id.* at 651, 653.

With respect to equitable tolling, this Court instructed that Plaintiff "must make individualized showings that he pursued his claim with diligence and that extraordinary circumstances beyond his control prevented a timely and proper assertion of rights" and noted that "the application of equitable tolling is normally a matter reserved to the sound discretion of the district court." *Id.* at 651. This comments from the Court – along with its decision not to accept TMA's various arguments that equitable tolling was unavailable as a matter of law – strongly

implied that the District Court should decide the applicability of equitable tolling based on its sound discretion once the evidentiary record was sufficiently developed. *See infra* at § I (a district court's decision to accept or reject equitable tolling is only "discretionary" when it is based on the weighing of equities, as opposed to a finding that equitable tolling is inapplicable as a matter of law).

On the pleading issue, the District Court initially found that Mr. Williams had not pled an individual § 1981 discrimination claim because he had not sufficiently pled "but-for" causation. *Id.* at 650. On appeal, Plaintiff argued that he was not required to plead but-for causation on an individual basis to avoid dismissal given the availability of the pattern or practice framework for a class action claim. *Id.* at 652. This Court agreed, finding: "as long as Williams's complaint plausibly alleges a prima facie case under the pattern-or-practice method, his § 1981 claim cannot be dismissed on the ground that he failed to plead that race was the but-for cause of any individual class member's injury, including his own." *Id.* at 653.

**B. The Dismissal of Mr. Williams' Complaint a Second Time.**

On July 20, 2023, TMA filed a renewed motion to dismiss arguing: (1) Plaintiff's class action pattern or practice of discrimination claim was time-barred because Mr. Williams could not establish the elements of wrong-forum equitable tolling; and (2) Plaintiff did not sufficiently plead his § 1981 class action pattern or practice of discrimination claim. Appx., Vol. II, at 17-59.

13

Plaintiff filed his response in opposition to the renewed motion to dismiss on August 23, 2023. Appx., Vol. II, at 60-100.

TMA filed a reply on September 7, 2023. Appx., Vol. II, at 206-235. In that reply, TMA presented a new argument for dismissal that was not part of its renewed motion to dismiss: that equitable tolling could not apply based on Mr. Williams' attempt to assert his § 1981 class claim in the *Grant* Class Action through the motion to amend because that motion to amend was ultimately denied. Appx., Vol. II, at 219-220.

On February 5, 2024, the District Court granted TMA's renewed motion to dismiss in part. Appx., Vol. I, at 3. The District Court dismissed Plaintiff's § 1981 class claim, with prejudice, based on TMA's statute of limitations defense because it found that equitable tolling was not applicable – as a "threshold" matter of law – because the *Grant* court ultimately denied Mr. Williams' motion to amend to add his § 1981 class claim in the *Grant* Class Action. Appx., Vol. I, at 14-16. The District Court explained that equitable tolling was inapplicable because when a motion for leave to amend is denied, "the amended complaint is not deemed 'filed' and lacks any legal effect to toll the statute of limitations." App., Vol. I, at 14-15. The District Court made clear that "Plaintiff's wrong-forum tolling argument is denied on this basis alone." Appx., Vol. I, at 16 (n.8). It also noted that because it decided the equitable tolling issue on this basis, it "[did] not assess the remaining inquiry of

14

whether Plaintiff 'exercised due diligence in pursuing and preserving his claim.'" *Id.* (quoting *D.J.S.-W. v. United States*, 962 F.3d 745, 750 (3d Cir. 2020)).

The District Court did not address whether Mr. Williams had properly pled a § 1981 class claim and instead dismissed Mr. Williams' individual § 1981 claim, without prejudice, to allow him to indicate whether he intended to proceed that claim on an individual basis. Appx., Vol. I, at 16-17.

On February 20, 2024, Mr. Williams filed a notice of his intention to stand on his original compliant, Appx., Vol. II, at 246, in compliance with the Third Circuit's guidance in *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), so that he could immediately appeal the District Court's decision preventing him from pursuing a class action against TMA.

On March 6, 2024, the District Court entered an order dismissing Mr. Williams' complaint, with prejudice, in response to his notice. Appx., Vol. I, at 4-5. On March 6, 2024, Mr. Williams filed a notice of this appeal. Appx., Vol. I, at 1.

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Plaintiff's § 1981 class action pattern or practice claim because the statute of limitations for that claim should have been equitably tolled during the period of time that Mr. Williams timely and diligently attempted to assert that claim against TMA in the existing *Grant* Class Action.

15

Equitable tolling exists for precisely for this type of unique and extraordinary situation: where a plaintiff diligently and reasonably attempted to assert his or her rights before the statute of limitations expired, but the venue the plaintiff chose to do so ended up being the "wrong forum."

This Court previously recognized in *Williams I* that the statute of limitations for Mr. Williams' § 1981 class claim may be tolled by "wrong forum" equitable tolling, and it remanded the case to the District Court so that it could exercise its discretion to determine in the first instance whether equitable tolling should be applied when the issue was presented with an appropriate evidentiary record. However, the District Court did not do this.

Instead, the District Court again dismissed Mr. Williams' § 1981 class claim pursuant to Rule 12(b)(6) because it found that wrong forum equitable tolling was inapplicable as a matter of law – this time because the *Grant* Court had denied Mr. Williams' motion to dismiss. The District Court decided the equitable tolling issue based entirely on this one fact and not the overall balance of the equities based on the specific facts of the case.

This was error by the District Court because it confused the legal standard for Rule 15 legal tolling (which depends on whether a motion to amend is granted) with the legal standard for equitable tolling (which requires balancing of the equities and is not reducible to such a mechanical rule).

16

The District Court's rejection of equitable tolling was also error because it was premature and because the District Court rejected equitable tolling based on a new argument TMA raised for the first time in its reply brief.

## ARGUMENT

### I. The Standard of Appellate Review is *De Novo.*

The District Court dismissed Plaintiff's § 1981 class claim because it found that equitable tolling was inapplicable – as a matter of law – based on the undisputed fact that the motion to amend where Mr. Williams timely sought to assert his § 1981 class claim in the *Grant* Class Action was denied. Appx., Vol. I, at 16 (n.8). The District Court expressly indicated that it did not decide the issue based on the totality of the circumstances and weighing of the equities. *Id.*

Since the District Court found that equitable tolling was inapplicable as a matter of law based on a single undisputed fact, the appellate standard of review is *de novo. See Champney v. Sec'y Pa. Dep't of Corr.*, 469 Fed. Appx. 113, 115 (3d Cir. 2012) ("where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling; in all other cases, we apply the abuse of discretion standard.") (*quoting Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)); *Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005) ("[W]here, as here, the relevant facts are not disputed, a District Court's decision on

the question whether a case is sufficiently 'extraordinary' to justify equitable tolling should be reviewed *de novo*."); *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 443 (3d Cir. 2024) ("[W]e review the district court's balancing of the equities for abuse of discretion; and our review of legal precepts applied by the district court in determining that the delay was excusable is plenary."); *Wiggins v. Albert Einstein Med. Ctr.,* No. 20-3129, 2022 U.S. App. LEXIS 10973, *2 n.1 (3d Cir. Apr. 22, 2022) (*de novo* review of Rule 12(b)(6) dismissal of complaint based on inapplicability of equitable tolling); *Kammerdeiner v. Superintendent Albion Sci*, 841 Fed. Appx. 416, 418 n.1 (3d Cir. 2021) ("We generally exercise *de novo* review over a district court's application of the equitable tolling doctrine."); *Nkomo v. AG of the United States*, 986 F.3d 268, 272 (3d Cir. 2021) ("Application of the equitable tolling standard 'to undisputed or established facts' is a question of law that we review de novo.") (quotation omitted); *see also Williams I*, 70 F.4th at 649, 651 (reviewing District Court's finding at that equitable tolling was unavailable as a matter of law *de novo*, but later noting that "equitable tolling is normally a matter reserved to the sound discretion of the trial court").

The District Court erred in finding that equitable tolling was inapplicable in this case as a matter of law based on an incorrect legal standard (the legal standard for a different tolling doctrine: Rule 15 legal tolling). *See infra* § III(A). As such, the District Court's error would also qualify as an abuse of discretion even if that

standard of review was used. *See Kars 4 Kids Inc.*, 98 F.4th at 444 (holding "a district court abuses its discretion when it applies an incorrect legal standard" and finding that the district court "repeated the mistake [from a previously-vacated order] and ha[d] abused its discretion in failing to apply the correct legal standard on remand").

If the underlying facts necessary to determine whether equitable tolling should be applied are unclear or disputed, this Court may remand the case back to a district court for those facts to be determined. *Miller v. Hudson (Estate of Miller)*, 528 Fed. Appx. 238, 241 (3d Cir. 2013); *see Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (same); *see also Williams I*, 70 F.4th at 649 ("because tolling is appropriately addressed by district courts in the first instance, we will vacate the dismissal order and remand the case to the District Court.").

## II.    Plaintiff's § 1981 Class Claim Should Not Have Been Dismissed Pursuant to Rule 12(b)(6) Based on TMA's Statute of Limitations Defense because Equitable Tolling Preserved that Claim.

The District Court should have denied TMA's renewed motion to dismiss because it was not "apparent from the face of the complaint" that Mr. Williams' § 1981 class claim was time-barred. In fact, it was far from it.

Mr. Williams asserted that his § 1981 class claim was equitably tolled while he reasonably and diligently asserted that claim in the existing *Grant* Class Action. Even though Mr. Williams had no obligation to plead or prove the applicability of

19

equitable tolling at the pleading stage, it is clear that equitable tolling is applicable to his claim when the facts are viewed in the light most favorable to the Plaintiff.

### A. A Claim Should Not be Dismissed Pursuant to Rule 12(b)(6) Based on a Statute of Limitations Defense if Equitable Tolling Potentially Preserves that Claim.

A claim should not be dismissed pursuant to Rule 12(b)(6) based on a statute of limitations affirmative defense unless the untimeliness of the claim is "apparent on the face of the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Although a plaintiff has the ultimate burden of persuasion to prove equitable tolling later in the case (such as at trial), a plaintiff has no duty to anticipate a statute of limitations affirmative defense or to affirmatively plead facts supporting equitable tolling in his or her complaint. *Id.* at 248 ("Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense."); *see Wiggins,* 2022 U.S. App. LEXIS 10973, *4 ("[A] court. . .may not allocate the burden of invoking equitable tolling in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.").

When a plaintiff responds to a Rule 12(b)(6) motion to dismiss based on the statute of limitations by raising the issue of equitable tolling, "an appellate court . . .cannot dismiss a complaint [as time-barred] unless it can definitively say that

[equitable tolling]¹ does not apply." *Schmidt*, 770 F.3d at 251; *see Wiggins,* 2022 U.S. App. LEXIS 10973, *4 n.7 ("*Schmidt* addressed the discovery rule, but its discussion applies equally to the issue of equitable tolling.") (vacating dismissal based on statute of limitations because "the timeliness of [plaintiff's] Title VII claim cannot be resolved on the face of his amended complaint" where plaintiff raised equitable tolling issue).

### B. Under Both Federal and New Jersey State Law, a Plaintiff's Statute of Limitations Should be Equitably Tolled Where the Plaintiff Timely Attempted to Assert that Claim Within the Statute of Limitations in a Court that Turned Out to Be the Wrong Forum.

Federal courts generally apply state tolling rules, but will modify those rules to allow additional equitable tolling when the plaintiff alleges a federal cause of action that serves a remedial purpose. *Estate of Miller*, 528 Fed. Appx. at 240 (state law tolling rule should be modified to provide "additional equitable tolling" for § 1983 claims "because § 1983 is a remedial statute that seeks to deter violations of individual constitutional rights"); *see Lake*, 232 F.3d at 370 ("Equitable tolling can be applied to suits brought under the federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy, because . . . the adopted state rule operates as a federal rule responsive to the need whenever a federal right is

---

¹ The original language referred to the discovery rule, but this Court later made clear that the same applies to equitable tolling. *See Wiggins,* 2022 U.S. App. LEXIS 10973, *4 n.7.

impaired."). Here, the equitable tolling rules under federal and New Jersey[2] law are "similar." *Arnold v. N.J.,* No. 03-3997 (WHW), 2009 U.S. Dist. LEXIS 142977, *10 (D.N.J. June 9, 2009).

"Equitable tolling" is proper when the "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). "[T]o benefit from one of the traditional forms of equitable tolling, a plaintiff must make individualized showings that he pursued his claim with diligence and that extraordinary circumstances beyond his control prevents a timely and proper assertion of his rights." *Williams I,* 70 F.4th at 651 (citing *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255-57 (2016)). This "requires a case-specific inquiry into what is fair and in the interests of justice." *DePalma v. Scotts Co. LLC*, No. 13-7740, 2017 U.S. Dist. LEXIS 8884, *6 (D.N.J. Jan. 20, 2017).

The Third Circuit has "instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights

---

[2] *See* Appx., Vol. I, at 8 (n.6) (noting that New Jersey provides the applicable state law for statute of limitations issue).

mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). "Third Circuit case law also provides for equitable tolling when it 'is demanded by sound legal principles as well as the interests of justice.'" *Claiborne v. FedEx Ground Package Sys*., No. 18-1698, 2019 U.S. Dist. LEXIS 168141, *16 (W.D. Pa. Sept. 30, 2019) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)); *see also Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994) ("We look to these criteria for guidance in applying the broader principle that a person is not required to sue or arbitrate within the statutory period if he cannot in the circumstances reasonably be expected to do so.").

Similarly, "New Jersey law. . .permits 'equitable tolling' [1] where an adversary's misconduct induced or tricked a complainant into allowing the filing deadline to pass, or [2] where 'in some extraordinary way' someone or something prevented plaintiff from asserting his rights, or [3] where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum." *Rodriguez v. Atl. Cnty. Jail*, No. 23-925 (CPO) (EAP), 2023 U.S. Dist. LEXIS 225506, *7 (D.N.J. Dec. 19, 2023) (citing *Freeman v. N.J.*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002)).

To the extent that there are any differences between New Jersey and federal law with respect to the tolling of Plaintiff's § 1981 class claim, the more lenient rule should apply because § 1981 – and § 1981 class actions specifically – serve a

23

remedial purpose. *See Miller*, 528 Fed. Appx. at 240; *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 757 (3d Cir. 1983) ("This court has recognized that Title VII establishes a remedial scheme whose jurisdictional requirements are to be construed liberally in favor of possible discrimination victims.");[3] *Paskuly v. Marshall Field & Co.,* 494 F. Supp. 687, 689 (N.D. Ill. 1980) ("Title VII [and § 1981 are] primarily designed to eradicate discrimination of a class-wide character, and the Courts have recognized that this goal may often be best achieved by way of a class action.").

### C. The Statute of Limitations for Plaintiff's § 1981 Class Claim Should Have Been Equitably Tolled While Plaintiff Timely, but Mistakenly, Attempted to Assert that Claim in the Existing *Grant* Class Action.

The Plaintiff's statute of limitations for his § 1981 class claim should have been equitably tolled from June 6, 2019 – when Plaintiff timely and reasonably attempted to assert that claim through a motion to amend in the existing *Grant* class action – until February 6, 2019, when the *Grant* court denied the motion to amend and it became clear that the *Grant* Class Action was the "wrong forum" for Mr. Williams' § 1981 class claim.

There are no hard-and-fast elements for "wrong forum" equitable tolling,[4] but

---

[3] *See Sec. & Data Techs. v. Sch. Dist. of Phila.*, 2016 U.S. Dist. LEXIS 176203, *58 (E.D. Pa. Dec. 20, 2016) ("Title VII and 42 U.S.C. § 1981 share similar remedial purposes.").

[4] *See Island Insteel Sys. v. Waters*, 296 F.3d 200, 218 (3d Cir. 2002) (describing equitable tolling as a "fact-specific, multi-factored" test).

courts in this Circuit have generally found that wrong forum equitable tolling is appropriate where a plaintiff: (1) attempted to assert the rights at issue within the statute of limitations period in a wrong forum (in a manner where defendant received notice of plaintiff's claim within the statute of limitations); (2) acted in good faith and had a reasonable basis for pursuing the claim in the wrong forum; and (3) was diligent in filing the second action (where "equitable tolling" is asserted) upon dismissal of the prior action. *See Island Insteel Sys.*, 296 F.3d at 218;[5] *Flores v. Predco Servs. Corp.*, No. 10-1320, 2011 U.S. Dist. LEXIS 25588, *13-25 (D.N.J. Mar. 11, 2011) (applying wrong forum equitable tolling where plaintiff had reasonably brought the claim at issue in a court that lacked personal jurisdiction before the expiration of the statute of limitations and diligently refiled in the proper venue after the first action was dismissed).

Here, wrong-forum equitable tolling was applicable here because (a) Plaintiff timely asserted his § 1981 class claim in the *Grant* Class Action; (b) Plaintiff had a reasonable basis for asserting his § 1981 class claim in the existing *Grant* Class Action; and (c) Plaintiff was diligent in filing this lawsuit after the *Grant* court

---

[5] "We hold that under Virgin Islands law, the statute of limitations for a second action may be equitably tolled by the filing of an earlier action dismissed for lack of personal jurisdiction if: (1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action." *Id.* While *Island Insteel Sys.* court applied Virgin Islands law, it noted that there was "no relevant binding authority on this point." *Id.* at 216.

denied the motion to amend.

i.    **Plaintiff Timely Attempted to Assert his § 1981 Class Claim in the** ***Grant*** **Class Action.**

Plaintiff satisfied the first general element of "wrong forum" equitable tolling because the motion to amend he filed in the existing *Grant* Class Action – which sought leave to file the same § 1981 class claim that is applicable here – was filed on June 5, 2019, before his statute of limitations period had expired. Appx., Vol. II, at 103 (¶ 11), 106-140.

Since Plaintiff came forward within the statute of limitations period and the complaint that pled his class action pattern or practice of discrimination claim was attached to the motion to amend, Plaintiff acted diligently in pursuing that claim and the essential purpose of the statute of limitations was satisfied because TMA received notice of Mr. Williams' class claim *within* the statute of limitations. *See Island Insteel Sys.*, 296 F.3d at 217-18 (noting that equitable tolling avoids unfairness to plaintiffs who diligently prosecute their claims but protects defendants because it only applies when they receive notice of a plaintiff asserting a claim before the limitations period expires). As such, TMA would not be prejudiced from equitably tolling of Plaintiff's statute of limitations – it would just lose the windfall of avoiding having to defend a class action on the merits based on Plaintiff's reasonable mistake about the appropriate venue for his § 1981 class claim. *Id.* (noting that the policies underlying the statute of limitations would not be served by holding

plaintiffs' claims time-barred where a defendant received notice of the plaintiffs' claim within the statute of limitations and therefore "could not have relied upon the policy of repose embodied in the limitation statute") (quoting *Burnett v. N.Y. Cent. R.R. Co*., 380 U.S. 424, 428 (1965)).

In its motion to dismiss, TMA argued that the filing of the motion to amend did not reflect Plaintiff's diligence in asserting his § 1981 class claim because Mr. Williams "never filed anything himself." Appx., Vol. II, at 44. However, this argument is without merit for three reasons. First, the motion to amend reflected Mr. Williams' diligence in pursuing his § 1981 class claim because the motion sought to add Mr. Williams as a class representative and to assert Mr. Williams' § 1981 class claim in the *Grant* Class Action. *See China Agritech,* 138 S.Ct. 1807 n.2 (noting that new class representatives may timely come forward by seeking to amend the complaint in an existing class action). Although Mr. Grant was the nominal party, Mr. Williams clearly authorized and directed his attorneys (Mr. Williams and Mr. Grant were represented by the same Counsel) to make that filing. Second, a motion for leave to amend was the proper procedural mechanism to assert Mr. Williams' claims in the *Grant* Class Action, but that motion had to be filed by an existing plaintiff. Appx., Vol. II, at 103 ( ¶11). Finally, a motion to amend to add another plaintiff's claims to an existing case is typically sufficient to "commence" that non-party's claims for purposes of the statute of limitations. *See Bell v. Lockheed Martin*

*Corp.*, No. 08-6292, 2010 U.S. Dist. LEXIS 62957, *33-36 (D.N.J. June 23, 2010) ("The filing of a motion for leave to amend a complaint has been held to be sufficient to commence an action within a statute of limitations period. . . . Here, Plaintiff filed with the motion to amend a proposed amended complaint that contains the claims of Ms. Abt, clearly placing Defendant on notice of Ms. Abt's proposed causes of action.").

### ii. Plaintiff Had a Reasonable Basis for Asserting His Rights in the Existing Grant Class Action in North Dakota.

Plaintiff also satisfied the second general element of "wrong forum" equitable tolling because in June 2019, he had a good faith and reasonable belief basis for asserting his § 1981 class claim through a motion to amend in the existing *Grant* Class Action in the District of North Dakota. Appx., Vol. II, at 103-105 (¶¶ 11-17), 106-140.

When viewing the facts in the light most favorable to the Plaintiff, it was entirely reasonable for Mr. Williams to assert his § 1981 Class Claim through a motion to amend in the existing *Grant* Class Action because an identical putative class (of which Mr. Williams was a member) was already pending in that case and – at that time – TMA had not previously objected to venue or personal jurisdiction in that Court. *See id.*

Indeed, under those circumstances, if Mr. Williams had instead chosen to file a separate and duplicative class action in a different court in June 2019, that lawsuit

28

could have been subject to dismissal pursuant to the "first filed" rule. Appx., Vol. II, at 104 (¶ 15); *see*, *e.g.*, *Catanese v. Unilever,* 774 F. Supp. 2d 684, 688 (D.N.J. 2011) ("The Third Circuit Court of Appeals has adopted the first-filed rule, which states that 'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'") (quotation omitted); *see* Appx., Vol. II, at 43 (TMA conceding that "[t]he first filed rule **may** have precluded [Mr.] Williams's claim. . ."). In its motion to dismiss below, TMA attempted to downplay this conundrum by arguing that the first-filed rule's bar against filing a separate class action lawsuit elsewhere was "all only hypothetical" because TMA would have needed to raise the first-filed rule and it would be uncertain whether a court would dismiss Mr. Williams' claims based on that doctrine. Appx., Vol. II, at 42-43. But this misses the broader picture: in June 2019, the jurisdictional obstacles to Mr. Williams asserting his class claims as a lead plaintiff in the Grant Class Action were based on TMA's future choices and other uncertain factors. *See id*.; Appx., Vol. II, at 103-105 (¶¶ 10-17). Just as TMA *could have* declined to object to Mr. Williams asserting a duplicative class action through a separate lawsuit in June 2019 based on the first-filed rule, TMA also *could have* declined to object[6] to Mr. Williams' claims being litigated in the District of North Dakota. Prior to June 2019, TMA had never

---

[6] The District of North Dakota had subject matter jurisdiction. Appx., Vol. II, at 170 (¶¶ 5-6); *see also Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 703-04 (1982) (personal jurisdiction may be waived).

objected to venue or personal jurisdiction in North Dakota. Appx,. Vol. II, at 14. Just as a court *could have* declined to dismiss Mr. Williams' duplicate § 1981 class claim based on the first-filed rule, the *Grant* court also could have granted the motion to amend. At the time of the motion for leave to amend, Mr. Williams' Counsel reasonably and in good faith believed that Mr. Williams would be permitted to join the *Grant* Class Action and that it made no sense to file a duplicative class action lawsuit elsewhere that would be subject to dismissal under the first-filed rule. Appx., Vol. II, at (¶¶ 10-17). Even after TMA chose to object to Mr. Williams' claims being litigated in the *Grant* Class Action or in North Dakota, it was entirely unclear whether TMA would prevail on those objections. *See* Appx., Vol. II, at 103-105 (¶¶ 10, 13, 17). TMA's jurisdictional objections were premised on another complicated and disputed legal issue (that had not yet been decided by the court) about whether Mr. Grant should be compelled to arbitrate his claims. Appx., Vol. II, at 105 (¶ 17). Although the court ultimately ruled in TMA's favor on that underlying issue, at the time the motion for leave to amend was filed, it reasonably appeared that Mr. Grant's arbitration clause with TMA had expired and did not extend to the class claims, or at least to some of the relief Mr. Grant was seeking in his class action. Appx., Vol. II, at 105 (¶ 10).

At the motion to dismiss stage, this Court cannot say that it was unreasonable for Mr. Williams to assert his § 1981 class claim through a motion to amend in the

30

*Grant* Class Action in June 2019, rather than through a duplicative class action in New Jersey. *See Polysciences, Inc. v. Masrud,* 2023 U.S. App. LEXIS 11635, *7 (3d Cir. May 11, 2023) ("[R]equiring [plaintiff] to make a showing of reasonable diligence [i]s premature at the motion-to-dismiss stage."); *Hoffman La Roche Inc. v. Genpharm Inc*., 50 F.Supp.2d 367, 380 (D.N.J. 1999) ("Reasonableness is a question of fact, and the Court cannot make such factual determinations on a factual controversy roiled by a motion to dismiss.").

Since Plaintiff had a reasonable basis for commencing his claims in the existing *Grant* Class Action in the District of North Dakota, he has satisfied the second general element for wrong forum equitable tolling.

### iii. Plaintiff Diligently Filed this Action After the Motion to Amend in the *Grant* Class Action was Denied.

Plaintiff has also satisfied the third general element for "wrong forum" equitable tolling because he – through Mr. Grant's motion for leave to amend – diligently filed his § 1981 class claim in New Jersey after the motion to amend to add his claims in the *Grant* Class Action was denied.

When it becomes apparent that a plaintiff has filed his claims in a wrong forum, he must be "diligent[]" in re-filing the claims in a proper jurisdiction. *Island Insteel Sys.*, 296 F.3d at 217. However, the "diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida*, 560 U.S. 631, 653 (2010) (quotation and citation omitted).

31

Reasonable diligence is a question of fact that is generally inappropriate to decide at the motion to dismiss stage. *Polysciences, Inc.,* 2023 U.S. App. LEXIS 11635, *7. Nevertheless, Plaintiff was reasonably diligent in re-filing his § 1981 class claim after his motion to amend in the *Grant* Class Action was denied.

Equitable tolling "pauses the running of, or 'tolls' a statute of limitations." *Lozano v. Alvarez,* 572 U.S. 1, 10 (2014). "Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra,* 502 U.S. 1,  4 n.2 (1991); *see Artis v. District of Columbia*, 138 S. Ct. 594, 601 (2018) ("Ordinarily, 'tolled'. . .means that the limitations period is suspended (stops running) while the claim is *sub judice* elsewhere, then starts running again when the tolling period ends, picking up where it left off.").

As such, a plaintiff must re-file their claim within their remaining time once the running of time under the statute of limitations is no longer tolled. *See Chardon v. Fumero Soto*, 462 U.S. 650, 652 n.1 (1983) ("'Tolling effect' refers to the method of calculating the amount of time available to file suit after tolling has ended. The statute of limitations might merely be suspended; if so, the plaintiff must file within the amount of time left in the limitations period."); *see e.g., Crews v. Cathel*, No. 04-4732, 2007 U.S. Dist. LEXIS 24068, *17 (D.N.J. Apr. 2, 2007) ("The Court will

thus equitably toll the limitations period from the date Crews filed his first habeas petition, on November 17, 1997, until October 14, 1999, when the Court of Appeals for the Third Circuit denied Crews's motion for a rehearing on his appeal from this Court's dismissal of the habeas petition for non-exhaustion.").

Mr. Williams diligently and timely re-filed his claims after the *Grant* Court denied the motion to amend. Since Mr. Williams' claims accrued on August 19, 2015, Appx., Vol. II, at 9 (¶ 28), he had seventy-five (75) days left under his statute of limitations on June 5, 2019 (when he commenced his claims in the *Grant* Class Action). After his motion for leave to amend was denied, on February 6, 2020, Appx., Vol. II, at 164, Mr. Williams' timely re-filed his claims on April 21, 2020 (exactly seventy-five (75) days later), Appx., Vol. II, at 1, within the applicable statute of limitations.

### iv. The Unique Procedural History and Particular Equities of this Case Direct Application of Equitable Tolling Here.

In deciding whether to apply equitable tolling, courts must weigh the equities, in light of the particular circumstances presented in each case. *See Burnett*, 380 U.S. at 427; *see also e.g., Claiborne,* 2019 U.S. Dist. LEXIS 168141, *16 ("[I]n light of the unique procedural history of this case, the Court concludes that 'sound legal principles as well as the interests of justice' warrant equitably tolling the notice period to preserve the claims of potential op-ins.") (quotation omitted).

The general purpose of a statute of limitations is to provide repose and protect defendants from unfair surprise after a known filing deadline. *Burnett*, 380 U.S. at 428. However, the doctrine of equitable tolling recognizes that in certain exceptional circumstances, the interests of justice and in vindicating the plaintiff's rights outweigh this policy of repose. *See id.*

When Mr. Grant filed the motion to amend, seeking to add Mr. Williams as a named plaintiff and to join his § 1981 class claim in the *Grant* Class Action, TMA clearly received notice – within the original statute of limitations period – that Mr. Williams intended to pursue his § 1981 class action claim on behalf of the putative class. *See* Appx., Vol. II, at 111, 122-140. As such, TMA's interest in repose and avoiding delay should be afforded little weight because TMA became aware of Mr. Williams' class claim within the limitations period and solicited the delay that occurred by objecting to that claim proceeding in North Dakota, where an identical class action was already pending. Appx., Vol. II, at 103-105 (¶¶ 11-12, 14, 17).

In April 2020 – when Mr. Williams filed this putative class action lawsuit in the District of New Jersey – it is undisputed that Mr. Williams' *individual* § 1981 discrimination claim was timely. Appx., Vol. I, at 16 n.10. The same was also true of every other putative class member. *See id.*

The only reason there is any controversy about the statute of limitations in this case is because of *China Agritech*, where the Supreme Court held that *American*

*Pipe* tolling does not extend to class claims. *See Williams I,* 70 F.4th at 650-51 (discussing *China Agritech*, 138 S. Ct. at 1804). However, *China Agritech* demonstrates the vital importance of applying equitable tolling here for several reasons.

In *China Agritech*, the Supreme Court expressly encouraged would-be class representatives to do one of two things: (1) come forward as a class representative in the original class action before class certification is decided; or (2) assert their class claims within the original statute of limitations. 138 S. Ct. at 1806. Here, Mr. Williams did *both* by filing the motion to amend in the *Grant* Class Action before the original statute of limitations deadline. Appx. Vol. II at 104 (¶ 11).

The *China Agritech* Court specifically counseled plaintiffs and class counsel to do exactly what Mr. Williams and his Counsel did in the *Grant* Class Action to solve the problem of a potential deficiency with the lead plaintiff. 138 S. Ct. at 1807 n.2. One of the concerns with the rule ultimately adopted in *China Agritech* was the possibility for a harsh and arbitrary outcome where a putative class action failed – not on the merits – but because of a latent deficiency with the lead plaintiff. *See Yang v. Odom*, 392 F.3d 97, 40-41 (3d Cir. 2004) (discussing the possibility that "many class plaintiffs with small, potentially meritorious claims [may lose] the opportunity for redress simply because they were unlucky enough to reply upon an inappropriate lead plaintiff."), overruled by *China Agritech*, 138 S. Ct. at 1804. The Supreme

35

Court's response to this concern was that "as. . .weaknesses in the. . .adequacy of representation come to light, the lead complaint might be amended or a new plaintiff might intervene." *China Agritech*, 138 S. Ct. at 1807 n.2. When this happened in the *Grant* Class Action, Appx., Appx., Vol. II, at 118, Mr. Williams and his Counsel tried to do exactly what the Supreme Court said they should. *See* Appx., Vol. II, at 103-105 (¶¶ 110-117).

TMA argues that Mr. Williams should have filed a separate duplicate class action in New Jersey in June 2019, rather than seeking to join the existing *Grant* Class Action already pending in North Dakota. While this would have violated the first-filed rule and may not have been a viable option, *see supra* § II(C)(ii), TMA's argument should be afforded little weight in the balancing of equities because it is nonsensical from an equitable and judicial policy perspective. *See* Appx., Vol. II, at 103-105 (¶¶ 11, 13, 15, 16).

First, TMA was not prejudiced *in any way* by Mr. Williams' decision to file a motion to amend to join the existing *Grant* Class Action in June 2019, as opposed to filing a separate duplicative class action in New Jersey. TMA received the same fair notice of Mr. Williams' class claim either way. Appx., Vol. II., at 111, 120-140. Regardless of the venue Mr. Williams chose in June 2019 to assert his class claim, TMA almost certainly would have tried to raise a purely procedural defense to avoid having to defend that class claim on the merits. *See* Appx., Vol. II, at 104-105 (¶ 15).

Second, requiring a plaintiff to file multiple, protective duplicative class actions – when there is already a pending class action where the defendant has not objected to venue or jurisdiction – would contravene the core purposes and efficiencies of Rule 23 and needlessly drain judicial resources. *See Crown v. Parker,* 462 U.S. 345, 352 (1983) (explaining that a rule incentivizing class members to "to file a separate action prior to the expiration of his own period of limitations [would result in] a needless multiplicity of actions -- precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid."); *see also e.g., Lindley v. Life Invs. Ins. Co. of Am.,* No. 08-CV-0379-CVE-PJC, 2009 U.S. Dist. LEXIS 74582, *15 (D. Okla. Aug. 20, 2009) ("The proper course of action would have been for plaintiff to await a ruling on his motion to amend in *Lindley I*, rather than to withdraw the motion and file a separate lawsuit seeking the same relief in state court in another county. The fact that Life Investors opposed plaintiff's motion to amend did not make it proper for him to file a duplicative lawsuit in another jurisdiction."). This negative externality would be multiplied if would-be lead plaintiffs, like Mr. Williams, were incentivized to file duplicate claims in *multiple* venues, just to be safe from procedural machinations and objections like those TMA have raised in this case.[7]

---

[7] Alternatively, the prohibition against "claim splitting" may have precluded Mr. Williams from simultaneously filing both a motion to amend in the *Grant* Class Action and a separate duplicative lawsuit. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

Finally, if this Court declines to apply equitable tolling, this will result in an unjust windfall to TMA (who will not have to answer for its conduct at issue on the merits) and unfairly preclude Mr. Williams and other putative class from any chance of obtaining justice based on the merits of their claims. This result would not only be unjust as to Mr. Williams and the putative class, but would also contravene public policy. *See Burnett*, 380 U.S. at 427-28 (noting that the remedial purpose of a statutory cause of action should be considered when evaluating whether to apply equitable tolling); *Red Bull Assocs. v. Best Western Int'l,* 862 F.2d 963, 967 (2d Cir. 1988) (noting there is "a strong federal public policy favoring enforcement of the civil rights laws so important to the advancement of modern society"); *Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1333 (9th Cir. 1977) ("Since the purpose of Title VII [and § 1981] is to eliminate such class based discrimination, class actions are favored in Title VII [and § 1981] actions for salutary policy reasons."); *Paskuly*, 494 F. Supp. at 689 (same).

### III. The District Court's Finding that Equitable Tolling was Categorically Inapplicable to Plaintiff's Class Action Pattern or Practice Discrimination Claim was Erroneously Based on an Incorrect Legal Standard and Also Premature.

The District Court found that equitable tolling could not be applied based on Mr. Williams' timely filing of the motion to amend in *Grant* because that motion was denied, so that Amended Complaint "[was not deemed 'filed' and lack[ed] any legal effect to toll the statute of limitations." Appx., Vol. I, at 15. The District Court

explicitly indicated that it found equitable tolling was categorically unavailable based entirely on this "threshold" point, so it did not determine whether equitable tolling should be applied based on the totality of the circumstances and balance of equities. Appx., Vol. I, at 16 n.8.

The District Court's finding that equitable tolling was inapplicable as a matter of law was error for three related reasons. First, the District Court confused legal tolling under Rule 15 with equitable tolling, and therefore applied an incorrect legal standard. Second, the District Court's finding that equitable tolling was unavailable was premature, as the applicability of equitable tolling cannot be definitively determined in this case at the pleadings stage. Third, the District Court denied equitable tolling based on a new argument TMA improperly raised for the first time in its reply.

## A. The District Court Erroneously Found that Equitable Tolling is Inapplicable to Mr. Williams' Claim Based on an Incorrect Legal Standard.

The District Court erred in finding that equitable tolling was inapplicable to Plaintiff's § 1981 class claim based entirely on the fact that the *Grant* court ultimately denied the motion to amend. This was error because it was based on the legal standard for Rule 15 legal tolling, rather than the legal standard for equitable tolling.

The District Court previously erred when it dismissed Mr. Williams' class claim as untimely because it conflated Rule 23 legal tolling (*American Pipe*) with equitable tolling. *See Williams I,* 70 F.4th at 650-651. The District Court made a similar error in granting TMA's renewed motion to dismiss by confusing the vastly different legal standards for equitable tolling and Rule 15 legal tolling. *See* Appx., Vol. I, at 15-16.

Rule 15 legal tolling and equitable tolling are two entirely distinct doctrines and different legal standards determine their applicability. Under Rule 15, "the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993). Rule 15 legal tolling is automatically applicable, so long as the motion to amend is granted. *See  e.g., Oetting v. Heffler*, No. 11-4757, 2017 U.S. Dist. LEXIS 128089, *6 (E.D. Pa. Aug. 11, 2017).  In contrast, equitable tolling "demand[s] flexibility in order to avoid the arbitrariness of rigid rules." *Island Insteele Sys.*, 296 F.3d at 218. It "eschews mechanical rules" like the brightline legal standard upon which Rule 15 legal tolling depends. *Id.* (quoting *Holmberg v. Ambrecht*, 327 U.S. 392, 396 (1946)).

Whether equitable tolling should be applied depends on the particular balance of equities and interests of justice of each case where it is asserted. *Island Insteele Sys.*, 296 F.3d at 218; *DePalma*, 2017 U.S. Dist. LEXIS 8884, *6. The focus is on the plaintiff's diligence in pursuing the claim, the purposes served by the statute of limitations, and whether the plaintiff was frustrated from pursuing the claim based on extraordinary circumstances outside of his or her control. *See D.J.S.-W.*, 962 F.3d at 752.

While a proposed amended complaint is not considered filed, and lacks "legal effect," when the motion for leave to amend is denied, the District Court erred by finding that equitable tolling could never be applied – as a matter of law – when a litigant diligently and reasonably sought to assert a claim through a motion to amend, but the motion to amend was denied for unexpected jurisdictional reasons. *See* Appx. Vol. I at 15-16.

For wrong forum equitable tolling to apply, a plaintiff need only "timely *assert*[] his or her rights mistakenly in the wrong forum." *Oshiver,* 38 F.3d at 1387 (emphasis added); *D.J.S.-W.,* 962 F.3d at 750 (same). There is no requirement that the plaintiff's assertion of his or her rights must result in a complaint that is "deemed" timely-filed by rule. *See Oshiver,* 38 F.3d at 1387. To the contrary, both federal and New Jersey tolling rules allow equitable tolling when a plaintiff diligently and reasonably pursued his or her claim through a "defective pleading."

41

*See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period."); *Rodriguez,* 2023 U.S. Dist. LEXIS 225506, *7 ("New Jersey law. . .permits 'equitable tolling'. . .where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum.").

In fact, the entire point of equitable tolling is to avoid unfair and harsh results that would otherwise occur by rigidly applying the rules (like Rule 15 legal tolling here). *See Miller*, 145 F.3d at 618; *see also e.g., Horton v. Virtual Officeware Healthcare Sols.,* No. 2:22-CV-1219-NR, 2022 U.S. Dist. LEXIS 207603, *5-6 (W.D. Pa. Nov. 16, 2022) (identifying several instances where equitable tolling was applied to avoid unfairness where the filings were not deemed timely by rule). There is no meaningful or equitable difference between applying equitable tolling when a court unexpectedly dismisses a complaint based on a venue defect and applying equitable tolling when a court unexpectedly denies a motion to amend based on a venue defect. In both circumstances, the plaintiff diligently and reasonably attempted to assert his or her claim within the statute of limitations, but was unable to go forward with that claim due to that court unexpectedly becoming a wrong forum. Here, the District Court erred by deciding the equitable tolling issue based

on a mechanical application of Rule 15 legal tolling, without considering the balance of equities based on the specific circumstances of this case. Appx., Vol. I, at 16 n.8.

The District Court effectively applied an *inverted* version of the correct legal standard in finding that equitable tolling is inapplicable here.. While equitable tolling depends on whether a plaintiff has sufficiently demonstrated that he "pursued his claim with diligence and that extraordinary circumstances beyond his control prevented a timely and proper assertion of his rights," *Williams I*, 70 F.4th at 651, here, the District Court did not consider whether Mr. Williams "exercised due diligence in pursuing and preserving his claim," Appx., Vol. I, at 16 n.8, but rather decided that equitable tolling was inapplicable entirely based on a circumstance outside of Plaintiff's control: whether the *Grant* court granted or denied the motion for leave to amend. *See* Appx., Vol. I, at 16 ("Plaintiff's wrong-forum tolling argument is denied on this basis alone"); *see also Angles v. Dollar Tree Store,* 494 Fed. Appx. 326, 335 (4th Cir. 2012) ("[P]laintiffs have no control over when a court renders its decision regarding the proposed amended complaint. . .This fairness concern applies equally where the motion for leave to amend is granted as where it is denied; indeed the concern is heightened where the motion is ultimately denied.") (Davis, J. dissenting).

If the District Court's reasoning in this case were accepted, it would completely eviscerate wrong forum equitable tolling. Just like a proposed amended

43

complaint attached to a motion to amend is technically considered to have never been filed if leave is denied, the same applies to a complaint that is dismissed without prejudice. The textbook example of appropriate wrong forum equitable tolling is where a plaintiff diligently and reasonably files the complaint in a forum, but the court unexpectedly rules that it does not have jurisdiction. *See e.g., Flores*, 2011 U.S. Dist. LEXIS 25588, *24-25 (applying equitable tolling after plaintiff reasonably and diligently filed in a court that ultimately dismissed, without prejudice, for lack of jurisdiction). However, this scenario would result in a dismissal of the complaint without prejudice, and – for purposes of legal tolling – that initial lawsuit would be deemed to have "never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005); *see also e.g., Lewis v. N.J. Dep't of Child. & Fams.,* 2023 U.S. App. LEXIS 18725, *8-9 (3d Cir. Jul. 24, 2023) ("[F]or statute-of-limitations purposes, a complaint dismissed without prejudice is treated as if it never existed."); *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.,* 721 F.2d 68, 77 (3d Cir. 1983) (A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed."). As such, by the District Court's mistaken logic, equitable tolling would be categorically inapplicable in virtually every case within this Circuit where wrong forum tolling has been applied. *See e.g., Island Insteel Sys.,* 296 F.3d at 203 (finding

that the statute of limitations for a second action may be equitably tolled by the filing of a first action dismissed, without prejudice, for lack of personal jurisdiction).

The caselaw cited by the District Court illuminates its error in confusing the legal standards for Rule 15 legal tolling and equitable tolling. *See* Appx., Vol. I, at 15 (citing *Angles,* 494 Fed. Appx. at 328, 332, *United States ex rel. Mathews v. HealthSouth Corp.,* 332 F.3d 293, 296 (5th Cir. 2003), *Goldblatt v. NCUA,* No. 11-334, 2011 U.S. Dist. LEXIS 103880, *8 (D. Conn. Sept. 14, 2011), and *Oetting*, 2017 U.S. Dist. LEXIS 128089, *19 n.4).

In *Angles*, the plaintiffs separately argued that their claims were timely based on two distinct tolling theories: (1) Rule 15 legal tolling; and (2) equitable tolling. 494 Fed. Appx. at 328, 332 ("Plaintiffs contend that [under Rule 15] the filing of the motion for leave to file an amended complaint in Alabama tolls the statute of limitations in this case. . . . The Plaintiffs contend in the alternative that the statute of limitations should be equitably tolled in this case"). Here, the District Court only cited to, and relied upon, the portion of *Angles* where the court denied legal tolling under Rule 15. Appx., Vol. I, at 15 (citing 494 Fed. Appx. at 329). The *Angles* court separately addressed the plaintiffs' equitable tolling (in a different section of the opinion that was not cited by the District Court) and declined to apply equitable tolling for different reasons that are not applicable here. *Id.* at 332. From comparing the majority opinion and dissent (who interpreted the key facts differently), it is

45

evident that the *Angles* majority, and the court below, declined to apply equitable tolling because they believed the plaintiffs were not reasonably diligent in pursuing their claims. *Compare id.* at 332, *with id.* at 333-36 (Davis, J. dissenting). Here, the District Court acknowledged that it did not assess the Plaintiff's due diligence in pursuing and preserving his class claim. Appx., Vol. I, at 16.

Even if this Court had looked to the appropriate section of the *Angles* decision for guidance on the equitable tolling issue, *Angles* is inapposite to the materially different facts here. There, the panel majority "emphasize[d] that the plaintiffs had two avenues available to ensure that their rights were vindicated in th[e] litigation [that they declined to pursue]." *Angles,* 494 Fed. Appx. at 332. First, those plaintiffs could have appealed the denial of their motions to amend, which was not an option for Mr. Williams.[8] *Id.* Second, at the time that the court in the earlier action announced "that it was inclined to deny the motion [to amend] as futile because venue was improper," the plaintiffs still had time under the statute of limitations to file their claims in the proper venue. *Id.* at 328, 332. But they "declined to do so even though [plaintiffs admitted in a pleading that] they recognized the potential statute of limitations problems." *Id.* at 332. The panel majority characterized this decision

---

[8] Unlike the plaintiffs in *Angles,* who sought to add claims to a case where they were already a party, Plaintiff was never permitted to become a party to the *Grant* Class Action. *See id.* at 329 (noting that would-be plaintiffs do not have standing to appeal a denial of a motion to amend to add their claims).

as a "gamble that plaintiffs' counsel knowingly made." *Id.* at 333. Here, by contrast, Mr. Williams and his Counsel reasonably, and in good faith, believed that the motion to amend in the existing *Grant* Class Action was the safest and most sensible way to assert his § 1981 class claim. *See* Appx., Vol. II, at 103-105 (¶¶ 10-17).

Similarly, in *Goldblatt*, the plaintiffs separately argued that their claims were timely based on (1) Rule 15 legal tolling and (2) equitable tolling. 2011 U.S. Dist. LEXIS 103880, *8-9. But again, the District Court only cited to the portion of the decision where that court rejected Rule 15 legal tolling, and ignored the *Goldblatt* court's rejection of equitable tolling for entirely different reasons that are not applicable here. *See* Appx., Vol. I, at 15 (citing 2011 WL 4101470, *3); *Goldblatt*, 2011 U.S. Dist. LEXIS 103880, *9. Specifically, the *Goldblatt* court declined to apply equitable tolling because at the time those plaintiffs' motion to amend was denied, they still had time to file elsewhere, without the benefit of equitable tolling, but failed to do so. *Id.* Here, the *Grant* court denied Mr. the motion to amend (February 6, 2020), Appx., Vol. II, at 166, after the original statute of limitations deadline had expired (August 19, 2019). Appx., Vol. II, at 9 (¶ 28).

The District Court's citation to and reliance upon *Oetting* is even more perplexing. As with *Angles* and *Goldblatt*, the plaintiffs in that case asserted several distinct tolling theories, including equitable tolling, to attempt to show they had timely re-filed their claims against the defendant. 2017 U.S. Dist. LEXIS 128089,

*19 n.4. The court rejected their equitable tolling theory only because "wrong forum" equitable tolling was not permitted under Pennsylvania law at that time. *Id.* (contrasting Pennsylvania's more restrictive equitable tolling rules with "the more lenient federal standard, which permits equitable tolling of federal claims where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.") (quoting *Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011)).

While equitable tolling was unavailable, the *Oetting* court still applied a quasi-equitable analysis to find that the plaintiffs' defective filing of a "supplemental complaint," without leave of court "effectively commenc[ed] an action for purposes of applying the Missouri savings statute." *Id.* *29. Even though the supplemental complaint was stricken by the court in the prior action, the *Oetting* court found that it was a "good faith effort to commence an action" and determined that it should be enough to qualify for the savings statute because the defendant "has no reasonable argument that it was 'surprised' or not 'on notice' of the claims against it within the statutory period." *Id.* *28. *Oetting*, therefore, supports Mr. Williams' argument that equitable tolling should apply.

*HealthSouth Corp.* is also inapposite. There, the plaintiff filed an amended complaint without leave of court, which added new state law claims just before their statute of limitations expired. 332 F.3d at 294. But the plaintiffs never raised the issue of equitable tolling, so it was never addressed by either the trial court or the

Fifth Circuit. *See id.* at 295 (noting that both parties agreed that federal rules were determinative of the issue).

The cases cited by the District Court illustrate that Rule 15 legal tolling and equitable tolling are distinct doctrines, and different legal standards determine whether they should apply. The District Court erred by rigidly applying the inapposite legal standard for Rule 15 legal tolling when it denied equitable tolling for Mr. Williams' class claim.

## B. The District Court's Decision Not to Apply Equitable Tolling was Premature at the Rule 12(b)(6) Stage.

This Court has instructed that "the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, [and that] such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *Drennan v. PNC Bank, N.A.*, 622 F.3d 275, 301-02 (3d Cir. 2010); *see Cunningham v. M&T Bank Corp.*, No. 1:12-CV-1238, 2013 U.S. Dist. LEXIS 155478, *18 (M.D. Pa. Oct. 30, 2013) ("This court is mindful of the Third Circuit's admonition that equitable tolling inquiries are generally fact-intensive.").

As this Court instructed in *Williams I*, the availability of equitable tolling depends on the plaintiff's ability to make "individualized showings that he pursued his claim with diligence and that extraordinary circumstances beyond his control prevented a timely and proper assertion of his rights." 70 F.4th at 651. As such, "application of equitable tolling is normally a matter reserved to the sound discretion

of the trial court," *id.* at 651 (citing *Doherty*, 16 F.3d at 1394),[9] because the trial courts are generally expected to decide this issue by weighing the equities based on a well-developed evidentiary record. *See supra* § I (denial of equitable tolling without factfinding and weighing of the equities is reviewed *de novo*, not for abuse of discretion).

Here, it was premature and erroneous for the District Court to find that the statute of limitations could not be equitably tolled for Mr. Williams' § 1981 class claim before he had any obligation or opportunity to make such a showing. *See supra* § II(A) (a plaintiff is not required to plead equitable tolling in their complaint or to prove equitable tolling in response to a motion to dismiss). The District Court not only decided the equitable tolling issue based on a very limited record, but did not consider whether Mr. Williams had exercised due diligence in pursuing and preserving his claim. Appx., Vol. I, at 16 n.8.

Judge Joseph Greenaway persuasively made this point during oral argument during the first appeal in this case:

> Can I just interrupt? Because I think you're making points here. But what I don't understand about this is this case comes to us on a motion to dismiss, 12(b)(6). And we're asked to adjudicate – not the sufficiency of the pleadings – but an affirmative defense. And we have oceans of case law that says: "oh, we really don't want to touch the adjudication of a statute of limitations defense when we evaluate the sufficiency of the pleadings, unless it's robustly clear from the pleadings that the

---

[9] In *Doherty*, the issue of equitable tolling was presented at the summary judgment stage, where the court could exercise its discretion based on a robust evidentiary record. *See* 16 F.3d at 1394.

statute of limitations is violated." But here the analysis depends on tolling and all sorts of decisions that your client – was it reasonable for him to consider New Jersey in the first file rule? None of that's really obvious from the pleadings. So why isn't your argument just, hey, these are great points, we're happy to take those up at summary judgment, but you can't win on these points on a 12(b)(6) looking just at the pleadings and then making inferences on what could have happened in North Dakota or New Jersey. [Plaintiff is] entitled to those inferences here. Those inferences go in [Plaintiff's] favor now. So why don't you just say, hey, can't do statute of limitations now. It doesn't lend itself to this stage of the pleadings. And we have an ocean of case law that says, we're really reluctant to do this only in expressly obvious situations. Do we rule on this? Why don't you just say this isn't one of those situations. Whether wrongful and equitable tolling applies, the complexity of that test is not an instance that allows adjudication at the 12(b)(6) stage. Now let's talk about the merits of my claim. Why isn't that your argument?

*Williams I*, Oral Argument 13:38-15:26 (Dec. 12, 2021).[10]

This Court has repeatedly vacated Rule 12(b)(6) dismissals on statute of limitations grounds as premature before the trial court could fully evaluate an equitable tolling issue based on a sufficient evidentiary record. *See Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 971 (3d Cir. 2023) ("[W]hen a time limitations defense is raised in a motion to dismiss, deciding the applicability of equitable tolling based solely on the pleadings may be premature because facts tolling the running of the statute do not necessarily appear in the complaint.") (vacating dismissal of plaintiff's claim as time-barred and remanding "for further

---

[10]    *Available    at:*    https://www2.ca3.uscourts.gov/oralargument/audio/21-1365WilliamsvTechMahindraAmericasInc.mp3

factual development" where the plaintiff's complaint was silent as to his diligence, but plaintiff's brief suggested a possible equitable tolling issue) (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)); *Polysciences, Inc.*, 2023 U.S. App. LEXIS 11635, *7 (vacating dismissal on statute of limitations grounds because "requiring [plaintiff] to make a showing of reasonable diligence was premature at the motion-to-dismiss stage"); *Wiggins*, 2022 U.S. App. LEXIS 10973, *4 ("the timeliness of Wigginss Title VII claim cannot be resolved on the face of his amended complaint, and we will vacate the dismissal of this claim for this reason"); *see also id.* at *4 n.6 (expressing skepticism about plaintiff's equitable tolling defense, but concluding "[n]evertheless, it is premature to hold Wiggins to his burden on equitable tolling at this stage as discussed herein" and "[t]he District Court can consider Wiggins's assertions regarding his dealings with the EEOC as may be appropriate on remand").

In light of Mr. Williams' credible assertion of equitable tolling and the inappropriateness of adjudicating Mr. Williams' reasonable diligence in timely asserting his § 1981 class claim at the motion to dismiss stage, the District Court's denial of equitable tolling was premature and should be vacated.

**C. The District Court Erred by Finding Equitable Tolling was Inapplicable Based on a New Argument Raised by the Defendant for the First Time in its Reply.**

The District Court's error detailed in the previous section was committed because it granted TMA's motion to dismiss based on an argument that TMA raised for the first time in its reply brief. This too was error.

TMA did not argue in its Renewed Motion to Dismiss that a motion to amend could not be a sufficient "assertion of rights" for purposes of equitable tolling. *See* Appx., Vol. II, at 35-45.[11] Rather, TMA raised this issue for the first time in its reply.[12] Appx., Vol. II, at 219. As such, the District Court should have ignored the issue.[13] *See Rivers v. Nat'l Ass'n of Letter Carriers, Loc. 673,* Civ. A. No. 15-3070, 2016 U.S. Dist. LEXIS 11679, at *5 (D.N.J. Feb. 1, 2016) ("New arguments in the reply brief are waived.") (citing *Anspach v. City of Phila.*, 503 F.3d 256, 259 (3d Cir. 2007)).

---

[11] TMA only argued that Mr. Williams "passively" pursued his claim in the *Grant* Class Action because Mr. Grant was the technically the party on whose behalf the motion to amend was filed. *See* Appx., Vol. II, at 40.

[12] In its order, the District Court suggests that Plaintiff's "response" to this issue – and to the cases cited by TMA in its Reply – was *Bell v. Lockheed Martin Corp.*, Appx., Vol. I, at 15, but Plaintiff cited *Bell* to rebut a different point from TMA: that a named plaintiff's motion to amend to add a non-party's claim is "passive" or otherwise not the correct mechanism for a non-party plaintiff to assert their claim in an existing case. *See* Appx., Vol. II, at 88.

[13] D.N.J. Local Rule 7.1(d)(6) does not permit sur-replies and the District Court decided the motion without a hearing, so the Court never heard from Plaintiff on this issue.

Since the District Court dismissed Plaintiff's § 1981 class claim based on an argument TMA raised for the first time in its reply,[14] that dismissal order should be vacated. *Alston v. Forsyth*, 379 Fed. Appx. 126, 129 (3d Cir. May 13, 2010) (vacating summary judgment order where district court granted summary judgment based on an argument defendant raised for the first time in its reply brief).

## **CONCLUSION**

For the foregoing reasons, the District Court's order dismissing Mr. Williams' claims as time-barred should be vacated and remanded back to the District Court for it to decide the equitable tolling issue at a later stage of the case based on an appropriate factual record and the totality of the circumstances and equities.

DATED: May 28, 2024                    Respectfully submitted,


                                       s/Mark Hammervold
                                       Mark Hammervold
                                       Daniel Kotchen
                                       KOTCHEN & LOW LLP
                                       1918 New Hampshire NW
                                       Washington, DC 20009
                                       Telephone: (202) 471-1995
                                       mhammervold@kotchen.com
                                       dkotchen@kotchen.com

                                       *Attorneys for Plaintiff-Appellant*
                                       *Lee Williams*

---

[14] The key part of the District Court's dismissal order largely adopted TMA's citations and descriptions of those citations, even though those citations were largely unsupportive. *Compare* Appx., Vol. I, at 15, *with* Appx., Vol. II, at 219; *see supra* § III(A).

## **CERTIFICATE OF BAR MEMBERSHIP**

The undersigned hereby certifies pursuant to L.A.R. 46.1 that the attorneys whose names appear on the Brief of Appellant were duly admitted to the Bar of the United States Court of Appeals for the Third Circuit in 2021, and are presently members in good standing at the Bar of said court.

Dated: May 28, 2024                          s/Mark Hammervold

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

This document complies with the type-volume limit of FED. R. APP. P. 28(j) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 12,942 words. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14, and font size 12 for footnotes.

Dated: May 28, 2024                          s/Mark Hammervold

## **ELECTRONIC DOCUMENT CERTIFICATE**

The undersigned hereby certifies that the PDF file and hard copies of Plaintiff-Appellant's Principal Brief and Appendices are identical. This brief and its appendices to this brief have been automatically scanned during preparation and upon sending by the following virus detection programs: Windows Defender software program, and no viruses were detected.

Dated: May 28, 2024                    **s/Mark Hammervold**


## **CERTIFICATE OF SERVICE**

I hereby certify that Counsel of Record for TMA agreed to accept service of this brief electronically, and that a true and correct copy of the foregoing was electronically served on the following counsel of record on May 28, 2028:

> Kenneth Gage
> Daniel Richards
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> kennethgage@paulhastings.com
> danrichards@paulhastings.com

Dated: May 28, 2024                    **s/Mark Hammervold**