# United States Court of Appeals

*for the*

# Third Circuit

Case No. 24-1434

LEE WILLIAMS, Individually and in His Representative Capacity,

*Appellant,*

– v. –

TECH MAHINDRA (AMERICAS) INC.,

*Appellee.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY IN CASE NO. 3-20-CV-04684,
HONORABLE MICHAEL A. SHIPP, U.S. DISTRICT JUDGE

## BRIEF FOR DEFENDANT-APPELLEE

KENNETH W. GAGE
DANIEL S. RICHARDS
PAUL HASTINGS, LLP
*Attorneys for Defendant-Appellee*
200 Park Avenue, 30th Floor
New York, New York 10166
(212) 318-6000

## CORPORATE DISCLOSURE STATEMENT

Pursuant to F.R.A.P. 26.1 and Third Circuit L.A.R. 26.1, Tech Mahindra (Americas), Inc. makes the following disclosures:

1.    Tech Mahindra (Americas), Inc., a New Jersey corporation headquartered in Texas, is a wholly owned subsidiary of Tech Mahindra Ltd., a publicly held company headquartered and incorporated in India.

2.    Mahindra & Mahindra Ltd., a publicly held company headquartered and incorporated in India, owns 10% or more of the stock of Tech Mahindra Ltd.

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ....................................................1

II.   STATEMENT OF THE ISSUES .................................................2

III.  STATEMENT OF THE CASE ......................................................3

     A.    Williams's Employment with TMA, According to His Complaint ........................................................................3

     B.    Grant v. Tech Mahindra (Americas), Inc .............................3

     C.    Williams v. Tech Mahindra (Americas), Inc .......................5

     D.    Williams's First Appeal .....................................................7

     E.    The District Court's Decision on Remand ...........................8

IV.  STANDARD OF REVIEW ...........................................................9

V.   SUMMARY OF THE ARGUMENT ............................................9

VI.  ARGUMENT.............................................................................11

     A.    Williams's Complaint Was Facially Untimely and Contained No Allegations to Support Wrong-Forum Tolling............................11

     B.    Williams Concedes He Did Not Timely Commence an Action in Another Forum, So He Cannot Benefit from Wrong-Forum Tolling ...........................................................14

     C.    There Is No Reason to Expand Wrong-Forum Tolling to Permit Williams to Proceed with His Untimely Class Claim......................22

         1.    Statutes of limitations matter, and equitable tolling is an extraordinary remedy ..............................................22

         2.    Williams has not shown any extraordinary circumstances prevented him from timely commencing his action ...............26

         3.    Williams was nowhere close to diligent .................29

VII. CONCLUSION...........................................................................33

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                  **Page(s)**

*American Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) .................................................................*passim*

*Angles v. Dollar Tree Stores, Inc.*,
494 F. App'x 326 (4th Cir. 2012) ..........................................15, 18, 19

*Barren by Barren v. U.S.*,
839 F.2d 987 (3d Cir. 1988) ..............................................................23

*Bell v. Lockheed Martin Corp.*,
No. 08-6292, 2010 WL 2666950 (D.N.J. June 23, 2010) ............................21, 31

*Bernstein v. Maximus Fed. Servs., Inc.*,
63 F.4th 967 (5th Cir. 2023) ..............................................................12

*Bernstein v. Maximus Federal Services, Inc.*,
No. 3:21-cv-2131, 2021 WL 8323586 (N.D. Tex. Oct. 27, 2021),
ECF No. 12 ......................................................................................13

*Booth v. Carnival Corp.*,
522 F.3d 1148 (11th Cir. 2008) ........................................................16

*Brennan v. Kulick*,
407 F.3d 603 (3d Cir. 2005) ..............................................................20

*Burnett v. New York Central Railroad Company*,
380 U.S. 424 (1965) ..................................................................*passim*

*Cada v. Baxter Healthcare Corp.*,
920 F.2d 446 (7th Cir. 1990) ............................................................31

*Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center*,
721 F.2d 68 (3d Cir. 1983) ................................................................20

*Chase Sec. Corp. v. Donaldson*,
325 U.S. 304 (1945) ..........................................................................22

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ..............................................................1, 7, 32

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
    589 U.S. 327 (2020).................................................................6

*Courtney v. La Salle Univ.*,
    124 F.3d 499 (3d Cir. 1997) ................................................25

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983)........................................................18, 22

*D.J.S.-W. v. United States*,
    962 F.3d 745 (3d Cir. 2020) ...........................................18, 26

*Demby v. City of Camden*,
    No. 22-2941, 2023 WL 2160320 (3d Cir. Feb. 22, 2023) ..................12

*Doherty v. Teamsters Pension Tr. Fund of Phila. & Vicinity*,
    16 F.3d 1386 (3d Cir. 1994), *as amended on reh'g* (Mar. 17, 1994).........*passim*

*Fahy v. Horn*,
    240 F.3d 239 (3d Cir. 2001) ................................................26

*Flores v. Predco Services Corp.*,
    Civil No. 10-1320 RMB/AMD, 2011 WL 883640 (D.N.J. Mar. 11,
    2011) ................................................................................27

*Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962)............................................................14

*Grant v. Tech Mahindra (Americas), Inc.*,
    No. 3:18-CV-171 (D.N.D.)..............................................*passim*

*Hedges v. U.S.*,
    404 F.3d 744 (3d Cir. 2005) ................................................23

*Herb v. Pitcairn*,
    325 U.S. 77 (1945)..............................................................17

*Holland v. Florida*,
    560 U.S. 631 (2010).......................................................26, 29

*Irwin v. Department of Veterans Affairs.*,
    498 U.S. 89 (1990).........................................................17, 18

ii

*Island Insteel Sys., Inc. v. Waters*,
    296 F.3d 200 (3d Cir. 2002) .............................................................27

*Jones v. Morton*,
    195 F.3d 153 (3d Cir. 1999) .............................................................12

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369 (2004).........................................................................13

*Jones v. United States*,
    366 F. App'x 436 (3d Cir. 2010) .....................................................17

*Kocian v. Getty Refin. & Mktg. Co.*,
    707 F.2d 748 (3d Cir. 1983) .............................................................17

*Komosa v. U.S. Postal Serv.*,
    764 F. App'x 189 (3d Cir. 2019) ...........................................24, 27, 30

*Margolis v. Warner Chilcott (US) LLC*,
    Civil Action No. 17-4550 (JMV)(JBC), 2018 WL 2455925 (D.N.J.
    May 31, 2018)...................................................................................11

*Martin v. Adm'r New Jersey State Prison*,
    23 F.4th 261 (3d Cir. 2022) ..............................................................30

*McKinney v. Fitzgerald*,
    Civ. No. 18-12987 (FLW), 2022 WL 94536 (D.N.J. Jan. 10, 2022) ................11

*Mills v. Habluetzel*,
    456 U.S. 91 (1982)...........................................................................22

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002).........................................................................23

*Oltman v. Holland Am. Line, Inc.*,
    538 F.3d 1271 (9th Cir. 2008) .........................................................16

*Omar v. Blackman*,
    590 F. App'x 162 (3d Cir. 2014)......................................................32

*Orabi v. Att'y Gen. of the U.S.*,
    738 F.3d 535 (3d Cir. 2014) ...............................................................4

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994) *overruled on other grounds by*
*Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018)....................................11, 12, 18

*Pace v. DiGuglielmo*,
544 U.S. 408 (2005)............................................................................................25

*Perelman v. Perelman*,
545 F. App'x 142 (3d Cir. 2013) ........................................................................12

*Podobnik v. U.S. Postal Serv.*,
409 F.3d 584 (3d Cir. 2005), *overruled on other grounds by*
*Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018)................................................17

*Polysciences, Inc. v. Masrud*,
No. 22-1767, 2023 WL 3377084 (3d Cir. May 11, 2023)...................................12

*Robinson v. Dalton*,
107 F.3d 1018 (3d Cir. 1997) .............................................................................23

*Robinson v. Johnson*,
313 F.3d 128 (3d Cir. 2002) .........................................................................11, 12

*Rodrigues v. Wells Fargo Bank, N.A.*,
751 F. App'x 312 (3d Cir. 2018) ........................................................................12

*Satterfield v. Johnson*,
434 F.3d 185 (3d Cir. 2006) ...............................................................................24

*Sch. Dist. of City of Allentown v. Marshall*,
657 F.2d 16 (3d Cir. 1981) (reading *Burnett* to require "that the
*filing* of a claim in the wrong forum must also be *timely* before it
will toll the appropriate limitations period" (emphases added)) ...........15, 18, 23

*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014) .........................................................................11, 12

*Slater v. Metro S. N.J. State Police*,
No. 22-0262 (NLH) (EAP), 2023 WL 1818380 (D.N.J. Feb. 8,
2023) ...................................................................................................................11

*Smith v. Davis*,
953 F.3d 582 (9th Cir. 2020) ..............................................................................31

*United States v. Gilchrist*,
  215 F.3d 333 (3d Cir. 2000) ................................................................13

*United States v. Kirkham*,
  367 F. App'x 539 (5th Cir. 2010) ........................................................16

*United States v. Kubrick*,
  444 U.S. 111 (1979)..............................................................................23

*Wallace v. Mahanoy*,
  2 F.4th 133 (3d Cir. 2021) ........................................................30, 31, 32

*Wiggins v. Albert Einstein Med. Ctr.*,
  No. 20-3129, 2022 WL 1197015 (3 Cir. Apr. 22, 2022)....................12

*Williams v. Tech Mahindra (Americas) Inc.*,
  70 F.4th 646 (3d Cir. 2023) ..........................................................*passim*

*Williams v. Tech Mahindra (Americas), Inc.*,
  No. 3:20-CV-04684, 2021 WL 302929 (D.N.J. Jan. 29, 2021) ..........6

*Yun Hui Lin v. Att'y Gen. of U.S.*,
  262 F. App'x 482 (3d Cir. 2008) ........................................................32

**Statutes**

28 U.S.C. § 1658(a) .................................................................................16

N.J.S.A. § 2A:14-2(a) ..............................................................................13

## I.    **PRELIMINARY STATEMENT**

After the applicable statute of limitations expired, Plaintiff-Appellant Lee Williams filed a putative class action for race discrimination against Defendant-Appellee Tech Mahindra (Americas), Inc. ("TMA") under 42 U.S.C. § 1981. Still, in a prior order, the District Court held that Williams was entitled to the benefit of *American Pipe* tolling for his individual claim because of a similar, earlier filed class case, *Grant v. Tech Mahindra (Americas), Inc.*, No. 3:18-CV-171 (D.N.D.). The District Court also found the Supreme Court's decision in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), precluded Williams from pursuing an untimely successive class action. Despite tolling his individual claim, the District Court dismissed it without prejudice because he failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Williams declined the opportunity to amend his complaint. The District Court then entered judgment for TMA, and Williams appealed.

Last year, this Court reversed the judgment for TMA and remanded, holding, in pertinent part, that the District Court erred by not considering whether the traditional equitable-tolling doctrine of wrong-forum tolling could save Williams's untimely class claim. On remand, TMA renewed its motion to dismiss, and the District Court considered whether Williams is entitled to the benefit of wrong-forum tolling.

1

The District Court dismissed the case a second time. Consistent with Supreme Court precedent and this Court's wrong-forum-tolling decisions, the District Court held that Williams was not entitled to wrong-forum tolling because had not previously commenced a timely action in another forum.

Without identifying any relevant precedent, Williams claims the District Court was wrong. He now asks this Court to expand the doctrine of wrong-forum tolling in a manner that is inconsistent with both the doctrine and traditional equitable-tolling principles so that he may proceed with his claims on behalf of a putative class. This Court should reject that invitation and, instead, affirm the judgment below.

## II.  **STATEMENT OF THE ISSUES**

1.    Did the District Court correctly determine that wrong-forum tolling does not apply because Williams did not timely file his claim against TMA in any forum?

2.    Did Williams "make individualized showings that he pursued his claim with diligence and that extraordinary circumstances beyond his control prevented a timely and proper assertion of his rights," as this Court said he must in *Williams v. Tech Mahindra (Americas) Inc.*, 70 F.4th 646, 651 (3d Cir. 2023) ("*Williams I*")?

## III.    STATEMENT OF THE CASE

### A.    Williams's Employment with TMA, According to His Complaint

TMA allegedly hired Williams, a Caucasian American, on June 2, 2014, as a "Regional Manager / Senior Director of Business Development." (Appx2[1] at 3, 7 ¶¶ 4, 21.) Just one year after joining TMA, Williams was allegedly informed that he was not meeting his sales goals and would be placed on a 60-day Performance Improvement Plan ("PIP") effective June 15, 2015. (*Id.* at 9 ¶ 27.) His PIP had certain revenue goals, which he alleges "were unattainable given the company's poor working relationship with the accounts in Mr. Williams' territory." (*Id.*) TMA allegedly terminated Williams's employment on August 19, 2015. (*Id.* ¶ 28.) Williams also makes conclusory allegations that TMA prefers South Asians and intentionally disfavors non-South-Asians. (*Id.* at 5-6 ¶¶ 13-18.)

### B.    *Grant v. Tech Mahindra (Americas), Inc.*

Approximately three years after TMA terminated Williams's employment, Roderick Grant filed a putative class action against TMA in the U.S. District Court for the District of North Dakota: *Grant v. Tech Mahindra (Americas), Inc.*, No. 3:18-CV-171 (D.N.D.) ("*Grant*"). (Appx2 at 168-83.) Like Williams, Grant sought relief under Section 1981 and to represent a class of non-South-Asians who worked for

---

[1] TMA cites Volume II of Williams's Appendix is as "Appx2," Volume I as "Appx1," and his Principal Brief as "PB."

TMA and allegedly experienced race discrimination. (*Id.*) The lawyers currently representing Williams also represented Grant. (PB at 8[2].)

On February 26, 2019, TMA moved to compel Grant's claims to individual arbitration. (Appx2 at 185-205.) Grant opposed that motion and, on June 5, 2019, moved to amend his complaint to add Williams as a plaintiff. (*Id.* at 107-40.) TMA opposed Grant's motion. *See* Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint, *Grant* (D.N.D. June 19, 2019), ECF No. 53.[3] Then, Grant notified the court that "denying leave to add Mr. Williams' claims would be appropriate so that he can refile elsewhere." *See* Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint, at 1, *Grant* (D.N.D. June 26, 2019), ECF No. 54. Yet, on August 19, 2019, with the motions pending, Williams allowed his limitations period to expire without filing elsewhere. (*Infra* at 13.)

On December 5, 2019, a magistrate judge in the District of North Dakota recommended granting TMA's motion to compel arbitration and denying Grant's

_____

[2] TMA cites to the page numbers used by Williams in his brief at the middle of the bottom of the page, not the page numbers added at the top automatically by the Court's ECF system.

[3] The *Grant* docket is a matter of public record of which the Court may take judicial notice. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014). Williams's counsel attached a great deal of it to his declaration supporting Williams's opposition to TMA's renewed motion to dismiss, but he did not include all of the relevant filings. (*See* Appx2 at 107-205.)

motion to amend based on Grant's request. (Appx2 at 162 ("[T]he district judge should deny leave to amend the complaint *per the statement in Grant's reply brief.*" (emphasis added)).) Grant received an extension of time to object to the magistrate judge's report and recommendation but ultimately failed to object. (Appx2 at 165); *see* Plaintiff's Unopposed Motion for an Extension of Time Re: Responding to the Report and Recommendation, *Grant* (D.N.D. Dec. 12, 2019), ECF No. 57. Accordingly, on February 6, 2020, the district judge adopted the magistrate judge's report and recommendation, stayed the case pending arbitration of Grant's individual claims, dismissed the class claims, and denied Grant's motion to amend. (Appx2 at 165-66.) Grant never appealed, and Williams never joined the *Grant* action. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties later filed a stipulation of dismissal with prejudice on May 21, 2020, which the court adopted the next day. *See* Order Adopting Stipulation, *Grant* (D.N.D. May 22, 2020), ECF No. 61.

### C. *Williams v. Tech Mahindra (Americas), Inc.*

Williams filed this case on April 21, 2020 (Appx2 at 1-13), 300 days after Grant asked the court to deny his motion to amend, 246 days after Williams's limitations period expired, 138 days after the magistrate judge recommended denial of Grant's motion, and 75 days after the denial of Grant's motion to amend. TMA moved to dismiss Williams's complaint, arguing that he failed to state a claim upon

which relief may be granted under Section 1981, and his claim was untimely. *See* Memorandum of Law in Support of Tech Mahindra (Americas), Inc.'s Motion to Dismiss, *Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 (D.N.J. June 9, 2020), ECF No. 6. Williams opposed that motion, arguing, among other things, that he was entitled to tolling because of the *Grant* action. *See* Plaintiff's Opposition to Defendant Tech Mahindra (Americas), Inc.'s Motion to Dismiss, at 15-20, *Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 (D.N.J. July 13, 2020), ECF No. 9.

On January 29, 2021, the District Court granted TMA's motion to dismiss without prejudice. *See Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684, 2021 WL 302929, at *1 (D.N.J. Jan. 29, 2021). The District Court held: (i) Williams's Complaint was untimely, though the *Grant* action entitled him to *American Pipe* tolling for his individual claim only; however, (ii) Williams's individual allegations of intentional discrimination were insufficient to satisfy the requirement set forth by the Supreme Court in *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340 (2020), to plead race was the but-for cause of the termination of his employment. *Id.* at *5–7. Thus, his class claim was time-barred, and he failed to state an individual claim.

The District Court dismissed Williams's complaint without prejudice, affording him the opportunity to amend his Complaint. *See id.* Williams declined the

opportunity. *See* Plaintiff's Notice of Intention to Stand on Original Complaint, *Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 (D.N.J. Feb. 24, 2021), ECF No. 16. The District Court thereafter dismissed his Complaint with prejudice. *See* Order, *Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 (D.N.J. Feb. 25, 2021), ECF No. 18.

### D.    <u>Williams's First Appeal</u>

Williams appealed to this Court. His arguments were two-fold. First, he argued the District Court never addressed his argument that wrong-forum tolling entitled him to pursue an untimely successive class action, notwithstanding the Supreme Court's holding in *China Agritech* that *American Pipe* tolling only applies to untimely individual claims. Second, he argued that he could pursue a class pattern-or-practice claim notwithstanding the deficiencies identified by the District Court in his individual allegations. *See* Principal Brief of Plaintiff-Appellant Lee Williams, Nos. 21-1365 & 21-1394 (3d Cir. May 26, 2021), ECF No. 17. He did not contest the District Court's ruling that he failed to state an individual claim for discrimination because he did not plead race was the but-for cause of the termination of his employment. *See id.*

This Court agreed with Williams that the District Court overlooked his other arguments and remanded the case for the District Court "to consider whether wrong-

forum tolling applies and/or whether Williams has plausibly pleaded a *prima facie* pattern-or-practice claim." *Williams I*, 70 F.4th at 653.

### E.    The District Court's Decision on Remand

On remand, the District Court granted TMA's Renewed Motion to Dismiss without considering whether Williams plausibly pleaded a *prima facie* pattern-or-practice claim. (*See* Appx1 at 6-17.) The District Court held that, pursuant to wrong-forum-tolling doctrine, the timely filing of an action in another forum is a predicate to the application of wrong-forum tolling. Because Grant's motion to amend was unsuccessful, Williams's claims were never timely filed in *Grant*, so the District Court could not give him the benefit of wrong-forum tolling. (*See id.* at 14-16).

Still, as *American Pipe* tolling applied to Williams's individual Section 1981 claim, the District Court afforded him another opportunity to amend his Complaint and state a plausible individual claim. (*Id.* at 17.) Williams stood on his Complaint and declined the opportunity to amend for a second time. *See* Plaintiff's Notice of Intention to Stand on Original Complaint, *Williams v. Tech Mahindra (Americas), Inc.*, No. 3:20-CV-04684 (D.N.J. Feb. 20, 2024), ECF No. 41. This appeal followed.

## IV. <u>STANDARD OF REVIEW</u>

Williams is correct that the facts here concerning the timeliness of his claim (or the lack thereof) and his proffered basis for wrong-forum tolling are undisputed, so this Court's review is plenary. (*See* PB at 17-18.)

## V. <u>SUMMARY OF THE ARGUMENT</u>

Williams did not timely commence his action in *any* forum. He concedes that point. To succeed on his appeal, then, Williams needs this Court to expand wrong-forum tolling beyond its original purpose. The circumstances here do not warrant expanding the wrong-forum tolling doctrine because tolling Williams's claim would contravene this Court's guidance in *Williams I* and well-settled equitable-tolling jurisprudence.

Williams bases his argument on Grant's unsuccessful motion, not anything extraordinary. Furthermore, despite clear indications that he had to take additional action to pursue his claim against TMA—particularly given his desire to represent a class—Williams did nothing. Grant's lawyers (who were also Williams's lawyers) told the district court in North Dakota that, if it were to compel Grant's claims to arbitration, Williams would file his own action elsewhere. Pursuant to that request, the magistrate judge recommended denying the motion to amend, but Williams did nothing. The district judge adopted the recommendation, and Williams still did nothing for another 75 days before filing this untimely action. Ultimately, Williams

waited 246 days past the expiration of the statute of limitations before commencing this action on April 21, 2020.

Against that backdrop, this Court should affirm the ruling below for three principal reasons.

*First*, Williams's Complaint is untimely on its face and contained no allegations to support his theory of wrong-forum tolling.

*Second*, Williams cannot establish the necessary predicate to wrong-forum tolling—that he timely commenced an action in another forum. The District Court's holding is consistent with Supreme Court and Third Circuit wrong-forum-tolling jurisprudence, and Williams cites no contrary authority.

*Third*, this is not so compelling a case to warrant expansion of the wrong-forum-tolling doctrine. Williams was complacent. He admits he never filed his class claim until belatedly commencing this action, and no "extraordinary circumstances beyond his control prevented a timely and proper assertion of his rights." *Williams I*, 70 F.4th at 651. Instead, without reference to any controlling authority, Williams merely argues that his complacency was "reasonable," and that, if he had timely commenced his action, TMA would have raised defenses. That is not the standard for equitable tolling, and this Court should not excuse his late filing.

Therefore, for the reasons that follow, this Court should affirm.

## VI.    ARGUMENT

### A.    Williams's Complaint Was Facially Untimely and Contained No Allegations to Support Wrong-Forum Tolling.

This Court has long allowed a statute of limitations defense to be raised on a Rule 12(b)(6) motion where, as here, the complaint is untimely on its face. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *accord Robinson v. Johnson*, 313 F.3d 128, 135 n.3 (3d Cir. 2002) (collecting cases); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) *overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018). Indeed, to withstand dismissal where the complaint is facially untimely, the plaintiff is "*required*" to "plead the applicability of" a basis for equitable tolling. *Oshiver*, 38 F.3d at 1391 (emphasis added).[4]

Therefore, this Court regularly affirms dismissal of facially untimely claims at the pleadings stage where, as here, there were only arguments, not allegations, supporting the application of equitable tolling. *See, e.g.*, *id.* at 1391 n.10, 1391–92 (reversing dismissal of discriminatory-discharge claim where plaintiff pleaded facts regarding basis for tolling and affirming dismissal of wrongful-discharge claim

---

[4] *See also McKinney v. Fitzgerald*, Civ. No. 18-12987 (FLW), 2022 WL 94536, at *5 (D.N.J. Jan. 10, 2022) ("[I]t is necessary to plead the [equitable tolling] doctrine or facts in support thereof where the claims are facially untimely."); *Slater v. Metro S. N.J. State Police*, No. 22-0262 (NLH) (EAP), 2023 WL 1818380, at *4 (D.N.J. Feb. 8, 2023) (same); *Margolis v. Warner Chilcott (US) LLC*, Civil Action No. 17-4550 (JMV)(JBC), 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (same).

given absence of facts pleaded regarding tolling); *Robinson*, 313 F.3d at 143

("Robinson has not alleged facts sufficient to show that 'sound legal principles as

well as the interests of justice' demand pursuit of the 'sparing' doctrine of equitable

tolling." (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999))); *Demby v.

City of Camden*, No. 22-2941, 2023 WL 2160320, at *2 (3d Cir. Feb. 22, 2023)

(affirming dismissal under Rule 12(b)(6) and rejecting equitable-tolling argument

where plaintiff failed to allege facts that would warrant tolling); *Rodrigues v. Wells

Fargo Bank, N.A.*, 751 F. App'x 312, 318 (3d Cir. 2018) (same as *Demby*); *Perelman

v. Perelman*, 545 F. App'x 142, 150 (3d Cir. 2013) (same as *Demby*).[5]

Here, depending on the character of the Section 1981 claim asserted, the

---

[5] Williams's authorities are not to the contrary. Equitable tolling was not at issue in *Schmidt*, 770 F.3d at 251 (cited in PB at 20-21), or *Polysciences, Inc. v. Masrud*, No. 22-1767, 2023 WL 3377084, at *2–3 (3d Cir. May 11, 2023) (cited in PB at 52). Those cases concerned the propriety of Rule 12(b)(6) motions on statute-of-limitations grounds when the *discovery rule* (not equitable tolling) might apply. Williams's reliance on *Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *1 (3 Cir. Apr. 22, 2022) (cited in PB at 52) is similarly misplaced. For starters, *Wiggins* acknowledged that a statute-of-limitations defense is appropriate for Rule 12(b)(6) dismissal if "untimeliness is apparent on the face of the complaint." *Id.* at *2. *Wiggins* then suggested, contrary to that *dictum* and the rule in *Oshiver*, that a plaintiff who brings a facially untimely claim may proceed to discovery, even if they failed to plead *any* facts as to equitable tolling. *Wiggins* reached that conclusion by relying on *Schmidt*, despite acknowledging that "*Schmidt* addressed the discovery rule," and without explanation or reference to any other authority. 2022 WL 1197015, at *2 n.7. Lastly, Williams misapplies the Fifth Circuit's decision in *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 971 (5th Cir. 2023), which he also erroneously cites as a decision of this Court (*see* PB at 51). There, the Fifth Circuit made clear that the plaintiff must have "pleaded facts that justify equitable tolling," *Bernstein*, 63 F.4th at 969 (citation omitted), and the case is

statute of limitations is either four years under 28 U.S.C. § 1658 or it is borrowed from the personal injury statute of limitations of the forum state (two years in New Jersey[6]). *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). TMA terminated his employment on August 19, 2015. (Appx2 at 9, ¶ 28.) Accordingly, the latest he could file a Section 1981 claim was four years later (pursuant to Section 1658), on or before August 19, 2019. Still, Williams did not file this action until April 21, 2020.

Moreover, Williams failed to plead any facts to support tolling. Nothing in his Complaint relates to the *Grant* action, Grant's motion to amend, Williams's supposed diligence in asserting his rights, or any extraordinary circumstances warranting tolling. (*See* Appx2 at 1-13.) For these reasons, this Court should affirm

---

distinguishable in any event because, unlike here, there was an allegation pertaining to tolling, *see* Plaintiff's First Amended Complaint, ¶ 2.03, *Bernstein v. Maximus Federal Services, Inc.*, No. 3:21-cv-2131, 2021 WL 8323586 (N.D. Tex. Oct. 27, 2021), ECF No. 12 (alleging the EEOC's first Notice of Right to Sue was returned undelivered).

[6] Until now (PB at 21), Williams never raised arguments concerning New Jersey's equitable tolling law (*see* Appx2 at 60-100); therefore, he waived them. *See United States v. Gilchrist*, 215 F.3d 333, 339 (3d Cir. 2000) ("An argument not raised in the district court is not properly preserved for appellate review."). He also fails to explain how New Jersey principles of equitable tolling are materially different from federal principles or why they, but not federal law, would require tolling here. Additionally, if New Jersey's limitations period (and tolling doctrine) applies, then Williams has no timely claim regardless of tolling because Grant filed his June 5, 2019 motion to amend more than two years after the August 19, 2015 termination of Williams's employment. *See* N.J.S.A. § 2A:14-2(a) (providing two-year limitations period).

dismissal of his facially untimely Complaint.

### B.    Williams Concedes He Did Not Timely Commence an Action in Another Forum, So He Cannot Benefit from Wrong-Forum Tolling.

The Supreme Court recognized the concept of wrong-forum tolling in *Burnett v. New York Central Railroad Company*, 380 U.S. 424 (1965). There, a plaintiff commenced a Federal Employers' Liability Act ("FELA") action in Ohio state court four days before the statute of limitations expired. The court dismissed his action for improper venue three months later, and then, eight days after that (before his time to appeal expired), he refiled in the U.S. District Court for the Southern District of Ohio. *Id.* at 424–25, 436. That court dismissed the action as untimely despite the fact that the plaintiff had previously commenced a timely action in state court. The court of appeals affirmed.

The Supreme Court granted certiorari and reversed. The Court relied on FELA's limitations provision, "which provides that 'no action shall be maintained . . . unless *commenced* within three years from the day the cause of action accrued." *Id.* at 426 (ellipsis in original) (emphasis added). Congress's use of the word "commenced," the Court explained, reveals that "Congress [] recognized that *the filing of a lawsuit* 'itself shows the proper diligence on the part of the plaintiff which . . . statutes of limitation were intended to insure.'" *Id.* at 430 (ellipsis in original) (emphasis added) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962))).

14

Thus, "when process has been adequate *to bring in the parties and to start the case on a course of judicial handling . . . it is enough to commence* the action within" FELA. *Id.* at 426 (emphases added) (citation omitted). Even though the plaintiff did not timely commence the federal action, the Court held that the plaintiff's claims should proceed because the Ohio state action "*was properly 'commenced'*" pursuant to the limitations provision of FELA. *Id.* (emphasis added).

Following *Burnett*, this Court has consistently required that a plaintiff have timely filed a claim, and, therefore, commenced an action against the defendant, for wrong-forum tolling to apply. *See Doherty v. Teamsters Pension Tr. Fund of Phila. & Vicinity*, 16 F.3d 1386, 1394 (3d Cir. 1994) (observing that, to apply wrong-forum tolling, "a party's claim, though *filed* in the wrong forum, must nevertheless be *timely*," and remanding for determination of whether the doctrine applied where terminally ill attorney timely filed claim in wrong forum (emphases added)), *as amended on reh'g* (Mar. 17, 1994); *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981) (reading *Burnett* to require "that the *filing* of a claim in the wrong forum must also be *timely* before it will toll the appropriate limitations period" (emphases added)). Other Circuits are in accord. *See Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 332 (4th Cir. 2012) ("[T]here are 'key factual and procedural distinctions' between *Burnett* and this case, namely that 'unlike in *Burnett*, no timely Title VII action was ever actually commenced' because the

15

motion to amend was never granted." (citation omitted)); *United States v. Kirkham*, 367 F. App'x 539, 543 (5th Cir. 2010) ("We therefore conclude that *Burnett* and *Perez* do not require application of the doctrine of equitable tolling in Kirkham's case. The actions in *Burnett* and *Perez* were actually filed, albeit in the wrong courts, and the defendants were notified of the actions against them."); *Booth v. Carnival Corp.*, 522 F.3d 1148, 1152 (11th Cir. 2008) (applying wrong-forum tolling, in part, because plaintiff "initially timely filed suit in a state court of competent jurisdiction" and, thus, "in no way slept on his claims"); *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1280 (9th Cir. 2008) (allowing wrong-forum tolling, in part, because "[t]he Oltmans did not sleep on their claims, but brought a timely action in state court").

Like FELA, the applicable statute here provides that an action "may not be commenced later than 4 years after the cause of action accrues." *See* 28 U.S.C. § 1658(a). Williams concedes, as he must, that he never timely filed a claim in the District of North Dakota because Grant's motion to amend was unsuccessful. (*See* PB at 40 ("Rule 15 legal tolling is automatically applicable, so long as the motion to amend is granted."), 41 ("While a proposed amended complaint is not considered filed, and lacks 'legal effect,' when the motion for leave to amend is denied, . . ."), 43-44 ("[A] proposed amended complaint attached to a motion to amend is technically considered to have never been filed if leave is denied.").)

16

Unremarkably, then, the District Court held that, because Williams did not timely commence his action in another forum, he is not entitled to wrong-forum tolling. (*See* Appx1 at 16 (citing *Doherty*)); *e.g.*, *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005) (rejecting wrong-forum tolling argument where appellant never filed a timely claim with the EEOC), *overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018); *Kocian v. Getty Refin. & Mktg. Co.*, 707 F.2d 748, 753 (3d Cir. 1983) (stating that wrong-forum tolling was inapplicable on its face because appellant "never filed a timely claim in any forum"); *cf. Jones v. United States*, 366 F. App'x 436, 441 (3d Cir. 2010) (rejecting wrong-forum tolling argument where appellant brought his "claim in the correct forum after the claim was time-barred," so he had no predicate timely filing).

Williams cites no case in which a court afforded the wrong-forum tolling remedy to a party that relied on an unsuccessful motion to amend in another plaintiff's case. Nor has TMA found any such authority. Instead, he relies on *Irwin v. Department of Veterans Affairs.*, 498 U.S. 89 (1990), which is not a wrong-forum tolling case. In any event, the Supreme Court's *dictum* in that case—that equitable tolling applies "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," *id.* at 96—does Williams no favors. For that proposition, the Court relied on *Burnett*, which requires the timely "filing of a lawsuit" (*see supra* at 14), and *Herb v. Pitcairn*, in which the Court held

17

that "it is enough to commence the action within" FELA's limitations provision "when process has been adequate *to bring in the parties and to start the case on a course of judicial handling*," 325 U.S. 77, 79 (1945) (emphasis added). *Irwin,* 498 U.S. at 96 n.3. *Irwin* also cited *American Pipe*, which requires that the predicate class action was actually filed in order for tolling to apply. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he *commencement* of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action" (emphasis added)); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) (same).[7]

Notwithstanding Williams's meandering critique of the District Court's authorities (PB at 45-49), they plainly support its holding. The Fourth Circuit's decision in *Angles*, 494 F. App'x 326, is *directly* on point. There, the Fourth Circuit

---

[7] Neither *Oshiver* nor *D.J.S.-W. v. United States*, 962 F.3d 745 (3d Cir. 2020), lend Williams any support. (*See* PB at 41.) Like *Irwin*, those were not wrong-forum tolling cases. In *Oshiver*, this Court cited *Marshall* for the proposition that wrong-forum tolling applies where the plaintiff has "timely asserted his or her rights mistakenly in the wrong forum." 38 F.3d at 1387. But in *Marshall*, this Court said that wrong-forum tolling requires the timely "filing" (not mere assertion) of a claim. 657 F.2d at 20. Moreover, in *Oshiver*, this Court made clear that its opinion was not intended to guide the application of wrong-forum tolling. *Id.* at 1387 n.6 ("Our discussion of equitable tolling in this case is germane only to those cases in which the doctrine is considered in connection with a defendant's deception regarding the plaintiff's cause of action."). In *D.J.S.-W.*, this Court merely quoted *Oshiver* for the same proposition. 962 F.3d at 750.

held (like the District Court) that an unsuccessful motion to amend did not afford the plaintiffs' pleading "tolling" effect under Rule 15. *See id.* at 328–31. The Fourth Circuit then rejected their wrong-forum tolling argument, holding (like the District Court) that the unsuccessful motion to amend also meant the plaintiffs never timely commenced any action against the defendant. *Id.* at 332 ("'[U]nlike in *Burnett*, no timely Title VII action was ever actually commenced' because the motion to amend was never granted." (citation omitted)).

In any event, the District Court relied on these cases for the limited proposition that an unsuccessful motion to amend means the proposed pleading was never timely filed. (*See* Appx1 at 15.) Thus, it is unsurprising that, in most of them, the courts did not reach the question of whether an unsuccessful motion to amend could serve as the basis for wrong-forum tolling. The District Court, instead, relied on *Doherty* for its wrong-forum tolling holding. (*See* Appx1 at 12, 16 (citing *Doherty*).) Moreover, that some of these courts separately considered "tolling" under Rule 15 and equitable tolling does not contradict the District Court's reasoning because, as explained above, the District Court still applied wrong-forum tolling doctrine. (*Id.*)

Affirming the District Court's ruling also would not preclude, as Williams argues, wrong-forum tolling in the "textbook" case where a claim is dismissed for lack of jurisdiction. (PB at 44.) He cites cases that merely say the earlier, timely filing of a complaint later dismissed without prejudice does not *per se* toll the

limitations period. *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005)

(discussing *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center*, 721

F.2d 68 (3d Cir. 1983)). That is not inconsistent with the rule from *Burnett*.

Indeed, wrong-forum tolling *separately* offers a reprieve in extraordinary

circumstances where a plaintiff has, unlike Williams, mistakenly but timely

commenced an action later dismissed without prejudice. Moreover, in *Brennan*, this

Court was concerned that tolling on the basis of a complaint dismissed without

prejudice would allow the plaintiff to "indefinitely extend[] the limitations period"

by repeatedly and deliberately refiling in venues that lacked jurisdiction. *Id.* at 607.

A plaintiff cannot do that and still obtain wrong-forum tolling for three reasons.

First, the premise of the doctrine requires the plaintiff to have mistakenly (not

deliberately) commenced an action in the wrong forum. Second, wrong-forum

tolling only excuses a late filing because of extraordinary circumstances. (*See infra*

at 23-25.) Third, the plaintiff must exercise reasonable diligence by promptly refiling

in the *correct* forum after learning they were in the wrong forum. (*See infra* at 29-

30.)

Nor did the District Court broadly hold that "equitable tolling" of any form

"could never be applied – as a matter of law – when a litigant diligently and

reasonably sought to assert a claim through a motion to amend." (PB at 41.) Rather,

the District Court narrowly determined that the *denial* of Grant's motion to amend

meant the proposed amended complaint was never timely filed and, consequently, did not qualify for *wrong-forum* tolling. (Appx1 at 14-15.) For good measure, the District Court noted it would have addressed other bases for equitable tolling had Williams advanced them. (Appx1 at 16 n.9 ("Plaintiff does not argue that the other equitable tolling scenarios are relevant here[.]").)

Finally, Williams's assertion that the District Court improperly dismissed his Complaint based on an argument TMA first raised in reply misconstrues the record. Williams initially raised the tolling effect of Grant's motion to amend when Williams opposed TMA's *first* motion to dismiss. *See* Plaintiff's Opposition to Defendant Tech Mahindra (Americas), Inc.'s Motion to Dismiss, at 16-17, No. 3:20-CV-04684 (D.N.J. July 13, 2020), ECF No. 9. He raised the issue *again* to this Court in *Williams I. See* Principal Brief of Plaintiff-Appellant Lee Williams, at 17, *Williams I* (May 26, 2021), ECF No. 17.

Once *again*, in the proceedings below, *Williams* initially raised the argument—in opposition to TMA's renewed motion to dismiss—that the mere "filing of a motion to amend seeking leave to add another plaintiff's claims to an existing case is sufficient to 'commence' that non-party's claims for purposes of the statute of limitations." (Appx2 at 88 (citing *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2010 WL 2666950, at *10 (D.N.J. June 23, 2010).) His assertion that the District Court "never heard from" him on this issue—when he made the argument

21

three times—is absurd. (PB at 53 n.13.) TMA then argued in reply that the mere filing of a motion to amend is insufficient to toll the statute of limitations and, rather, a court must grant that motion to stop the clock. (*See* Appx2 at 218-20.) Paradoxically, Williams now faults the District Court for even analyzing the issue. He can hardly claim surprise at TMA's *reactive* argument or the District Court's ruling.

### C.    There Is No Reason to Expand Wrong-Forum Tolling to Permit Williams to Proceed with His Untimely Class Claim.

The District Court's holding was consistent with this Court's and the Supreme Court's precedents as described above. Therefore, to succeed on his appeal, Williams needs this Court to expand wrong-forum tolling to these novel circumstances. Doing so, however, would be contrary to hornbook equitable-tolling principles for the reasons below.

### 1.    Statutes of limitations matter, and equitable tolling is an extraordinary remedy.

Statutes of limitations serve three salutary purposes. They "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Mills v. Habluetzel*, 456 U.S. 91, 101 n.9 (1982) (quoting *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945)). They

"put defendants on notice of adverse claims." *Parker*, 462 U.S. at 352. They "prevent plaintiffs from sleeping on their rights[.]" *Id.*

Enforcement may superficially appear harsh, but the Supreme Court long ago observed that statutes of limitations' "very purpose" are to "make it impossible to enforce what were otherwise perfectly valid claims," so courts "should give them effect" in accordance with legislative intent. *United States v. Kubrick*, 444 U.S. 111, 125 (1979). Thus, courts may not equitably toll limitations periods solely based on a demonstrated lack of prejudice to the defendant. *Marshall*, 657 F.2d at 20. And contrary to Williams's suggestion, TMA will be prejudiced should it have to defend a claim with (at most) a four-year statute of limitations involving conduct that is (at best) more than nine years old across an entire class of plaintiffs.

"The restrictions on equitable tolling . . . must be *scrupulously observed*" to preserve "the legislative intent to grant the defendant a period of repose after the limitations period has expired." *Id.* at 19–20 (emphasis added); *accord Barren by Barren v. U.S.*, 839 F.2d 987, 992 (3d Cir. 1988). Accordingly, both this Court and the Supreme Court have recognized that equitable tolling is available only "*sparingly and in extraordinary situations.*" *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) (emphasis added); *accord Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Courts may evaluate whether it would be

proper to apply such doctrines, although they are to be applied *sparingly*." (emphasis added)); *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005).

In *Williams I*, this Court observed that, "to benefit from one of the traditional forms of equitable tolling, a plaintiff must [1] make individualized showings that he pursued his claim with diligence and [2] that *extraordinary* circumstances beyond his control prevented a timely and proper assertion of his rights." 70 F.4th at 651 (emphasis added). That instruction is not limited to forms of equitable tolling other than wrong-forum tolling. Indeed, this Court repeated that "the absence of extraordinary circumstances beyond the litigant's control[] is *fatal* to a request for equitable tolling[.]" *Id.* (emphasis added)). This Court relied on its earlier decision in *Doherty*, in which this Court had recognized that an erroneous but timely filing in the wrong forum by a terminally ill attorney "under the extreme duress caused by the illness" may qualify for wrong-forum tolling. 16 F.3d at 1394 ("[S]ome mistakes in *extraordinary* circumstances merit forbearance and this . . . may be such a mistake." (emphasis added)).[8]

---

[8] Consistent with *Doherty* and *Williams I*, the weight of authority requires extraordinary circumstances beyond the litigant's control for the application of wrong-forum tolling. *See, e.g.*, *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) ("Even if Satterfield's filing in the wrong court constituted an *extraordinary* circumstance . . . ." (emphasis added)); *Komosa v. U.S. Postal Serv.*, 764 F. App'x 189, 193 (3d Cir. 2019) (observing that "further equitable justification" than a mere mistaken filing in the wrong forum is required).

Even in *Burnett*, the Supreme Court did not lightly excuse the plaintiff's late federal court filing. There, the Court found it significant that the defendant waived improper venue objections in earlier cases, so the defendant's prior conduct led the plaintiff to believe that his timely filing in Ohio state court was proper. 380 U.S. at 429–30. The Court further underscored that, in 44 states and federal court (though not in Ohio state court), either a savings or transfer statute would have rescued the plaintiff's claims. *Id.* at 431, 433–34. These circumstances were, the Court explained, "similar" to prior equitable tolling cases in which (i) "a defendant misled the plaintiff into believing that he had more than three years in which to bring the action," and (ii) "war has prevented a plaintiff from bringing his suit." *Id.* at 428–29.

Significantly, Williams repeatedly concedes this point. (*See* PB at 22 (citing *Williams I* for the proposition that "*extraordinary* circumstances" are required "[t]o benefit from one of the traditional forms of equitable tolling" (emphasis added)), 41 ("The focus" of the equitable-tolling inquiry "is on . . . whether the plaintiff was frustrated from pursuing the claim based on *extraordinary* circumstances outside of his or her control." (emphasis added)), 43 (citing *Williams I*), 49 (same).) As the party requesting tolling, moreover, the burden is on Williams to demonstrate extraordinary circumstances and reasonable diligence. *See Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005); *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997). He cannot do either, let alone both.

> **2.** Williams has not shown any extraordinary circumstances prevented him from timely commencing his action.

Williams has never, not in *Williams I* or now, identified any circumstances beyond his control, much less anything extraordinary, that prevented him from timely filing. Instead, he elides the extraordinary-circumstances requirement, suggesting that wrong-forum tolling should apply so long as he "acted in good faith and had a reasonable basis" for his decision not to timely commence his action and, rather, rely exclusively on Grant's motion to amend. (PB at 25, 28-31.) That is inconsistent with *Burnett*, *Williams I*, and *Doherty*. (*Supra* at 14-15.) Moreover, it makes no sense to allow equitable tolling anytime a lawyer's (supposedly) reasonable tactical decision leads to an adverse outcome under *ordinary* circumstances.

Lawyers face ordinary choices like that faced by Williams's counsel here all the time. Their tactical decisions, both good and bad, affect their clients' cases. As this Court has often said, "[a]ttorney error, miscalculation, inadequate research, or other mistakes have *not* been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (emphasis added); *accord D.J.S.-W.*, 962 F.3d at 750 ("[T]olling will never extend to 'a garden variety claim of excusable neglect, such as a simple miscalculation that

leads a lawyer to miss a filing deadline.'" (quoting *Holland v. Florida*, 560 U.S. 631, 651–52 (2010))); *Doherty*, 16 F.3d at 1394 (Not "any poor choice by a lawyer or law firm that lands a party in the wrong forum merits equitable tolling[.]"); *see also Komosa*, 764 F. App'x at 193 ("[A]n attorney's errors are chargeable to the client barring exceptional circumstances.").

The cases Williams cites for a reasonableness standard are distinguishable. In *Island Insteel Sys., Inc. v. Waters*, this Court set forth factors to consider "*under Virgin Islands law*" when tolling untimely claims previously dismissed for lack of personal jurisdiction. 296 F.3d 200, 218 (3d Cir. 2002) (emphasis added) (cited in PB at 25). This Court's reliance on the sparse common law of states with no savings statutes, and not on its own wrong-forum tolling jurisprudence, reflects the *sui generis* character of the decision and its inapplicability to the federal wrong-forum tolling doctrine. *See id.* at 216–18 (formulating novel Virgin Islands law test based on Arizona's "*Hosogai* rule"). Nor does *Flores v. Predco Services Corp.* support application of Williams's reasonableness test over the extraordinary-circumstances requirement. Civil No. 10-1320 RMB/AMD, 2011 WL 883640, at *4, *7 (D.N.J. Mar. 11, 2011) (cited in PB at 25) (tolling claim because plaintiff's reliance on Texas trial court's ruling preserving his claim for more than a year and a half—during which time limitations period lapsed—until it was reversed on appeal was "*extraordinary*" and "*exceptional*" (emphases added)).

In any case, there was nothing reasonable about Williams's choice not to timely commence his action. That Williams could not have known about TMA's "future choice[]" to oppose Grant's motion is irrelevant. (PB at 28-29.) Williams shared counsel with Grant. He knew TMA opposed Grant's motion to amend as early as TMA filed its opposition on June 19, 2019, two months before his limitations period expired. (*See supra* at 4.) At that point, he could have timely commenced another action. He did not.

It was all the more obvious that Williams would be unable to join *Grant* before his limitations period expired *because of Grant's specific request*, whereby Grant asked that the court deny his motion so Williams could refile "elsewhere." *See* Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint, at 1, *Grant* (D.N.D. June 26, 2019), ECF No. 54 ("However, if the Court compels Mr. Grant to arbitrate his claims, denying leave to add Mr. Williams' claims would be appropriate so that he can refile elsewhere."). Williams still had 54 days to timely commence an action when, by that point, his gambit became contingent on Grant prevailing on *both* TMA's motion to compel arbitration *and* his own motion to amend. Nevertheless, Williams's unreasonable reliance on Grant's motion persisted. And as it turned out, Grant's request was the reason his motion to amend was denied, not any opposition from TMA. (Appx2 at 162 ("[T]he district judge should deny leave to amend the complaint per the statement in Grant's reply brief.").)

*Nothing*, much less anything extraordinary, prevented Williams from timely commencing an action. It did not matter that, hypothetically, TMA might have invoked the "first-filed" rule if Williams timely filed his claims in another jurisdiction. Williams *never* filed his claims in a timely manner. *If* he had timely filed in another court, *if* Grant's class claim proceeded in the District of North Dakota (it ultimately did not), *and if* TMA invoked the first-filed rule, then the first-filed rule may have applied. But even then, whatever court he filed in could have transferred his claim to the District of North Dakota, rather than dismissing it outright.[9]

### 3.    Williams was nowhere close to diligent.

Even if there were extraordinary circumstances here precluding Williams from filing a timely claim, which there were not, he did not exercise diligence. He has not even attempted to explain away his complacency.

Courts require plaintiffs to show they were reasonably diligent in pursuing their rights not only while an extraordinary circumstance impeded their timely filing,

---

[9] Williams has acknowledged that a district court has the discretion to transfer, rather than dismiss, a complaint pursuant to the first-filed rule. *See* Principal Brief of Plaintiff-Appellant Lee Williams, at 19, *Williams I* (May 26, 2021), ECF No. 17 ("[H]ad Mr. Williams filed a separate, duplicative class action in a different venue, instead of asserting his class claims through a motion to amend in the *Grant* Class Action, TMA likely could have sought to have that separate action dismissed, *stayed, or transferred* to be consolidated with the North Dakota class action pursuant to the 'first filed' rule." (emphasis added)).

but before and after as well, up to the time of filing their claims. *See Holland v. Fla.*, 560 U.S. 631, 653 (2010) ("[T]he *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." (emphasis in original)); *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 275 (3d Cir. 2022) (measuring petitioner's diligence from the moment he "learn[ed] that his appeal was nearly eight years late"); *Wallace v. Mahanoy*, 2 F.4th 133, 150 (3d Cir. 2021) (measuring petitioner's diligence from the time he had "notice" and was "aware" he had to file federal habeas petition); *Komosa*, 764 F. App'x at 193 (measuring diligence in wrong-forum tolling case from time attorney was "on notice that Komosa's appeal had arrived at the wrong office").

Here, Williams did nothing for the 54 days between Grant's June 26, 2019 request that the court deny his motion and the August 19, 2019 expiration of Williams's claim. *See* Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint, at 1, *Grant* (D.N.D. June 26, 2019), ECF No. 54. Williams remained complacent for the next 108 days before the magistrate judge recommended denying Grant's motion at Grant's request. (Appx2 at 162.) His counsel's other client, Grant, did not object to the magistrate judge's report and recommendation. (*Supra* at 5.) Then, another 63 days passed—during which time Williams *continued* doing nothing—and, on February 6, 2020, the district judge

adopted the magistrate judge's report and recommendation. (Appx2 at 165-66.) Grant did not pursue an appeal. (*Supra* at 5.) And Williams then inexplicably waited *another* 75 days before commencing this time-barred action on April 21, 2020. (Appx2 at 1-13.)

Under these circumstances, his argument[10] that he was diligent does not withstand scrutiny. *See Martin*, 23 F.4th at 274–75 ("There is nothing in the record to explain why Martin waited nearly four months to submit his 'as within time' motion, and certainly nothing suggesting that he exercised 'reasonable diligence' during that period."); *Wallace*, 2 F.4th at 150 (finding no diligence because state trial court's rejection of petitioner's argument—notwithstanding availability of appeal—

---

[10] Williams's only diligence argument also puts the cart before the horse. He asserts he was diligent because, if the Court *assumes* Grant's motion to amend paused the running of Williams's statute of limitations, then, once the district court denied Grant's motion, Williams's clock resumed and (even though he waited 75 more days) he filed his lawsuit within his remaining time. (PB at 33.) That conveniently ignores all of Williams's dilatory conduct while he was on notice that his claim might expire and, as explained above, is not how courts measure reasonable diligence before tolling a claim. *Accord Smith v. Davis*, 953 F.3d 582, 586, 591-602 (9th Cir. 2020) (expressly rejecting the same "stop-clock" approach Williams advances and, instead, holding a plaintiff "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court"); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990) (observing that "the statute of limitations is not automatically delayed by the time it takes to" discover extraordinary circumstance precluded timely filing and that plaintiff must file "within a reasonable time" after such discovery).

31

meant he "surely was aware by that time that his efforts in state court were unlikely to be successful and that federal relief could be necessary," but he waited another year to file a federal habeas petition anyway); *Yun Hui Lin v. Att'y Gen. of U.S.*, 262 F. App'x 482, 484 (3d Cir. 2008) (finding lack of reasonable diligence, in part, because "Lin does not explain why she waited an additional three months after learning of the *Lozada* claim before filing her motion in the BIA"). That is particularly so given that Williams seeks to represent a class. *See China Agritech*, 584 U.S. at 743 ("A would-be class representative who commences suit after expiration of the limitation period, however, can hardly qualify as diligent in asserting claims and pursuing relief.").

Not only is the time Williams waited to file manifestly unreasonable, but this Court has also declined to toll claims where, as here, the plaintiff persisted down a single, non-exclusive path to preserve their claim when additional filing options were available. *See Wallace*, 2 F.4th at 149–50 ("[H]e could have filed a protective federal habeas petition during the pendency of his PCRA proceeding, . . . His failure to do so undermines his diligence claim." (citation omitted)); *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) ("[N]othing prevented him from initiating his independent claims under §§ 1983, 1985, and 1986 or *Bivens* in federal court before or during the pendency of ICE's review of his FTCA claim.").

Therefore, this Court should reject Williams's argument that he diligently pursued his claims.

## VII.  <u>CONCLUSION</u>

The District Court correctly dismissed Williams's time-barred claim.  This Court should affirm.

Dated: July 9, 2024

By: _____

Kenneth W. Gage
Daniel S. Richards
Paul Hastings LLP
200 Park Avenue, 30th Floor
New York, NY 10166
Phone: (212) 318-6000
Fax: (212) 230-7646
kennethgage@paulhastings.com
danrichards@paulhastings.com

*Attorneys for Defendant-Appellee*
*Tech Mahindra (Americas), Inc.*

## <u>CERTIFICATION OF ADMISSION TO BAR</u>

I, Kenneth W. Gage, certify as follows:

1.      I am a member in good standing of the bar of the United States Court

of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that

the foregoing is true and correct.

Dated:      July 9, 2024

_____
Kenneth W. Gage

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32 AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 8,056 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14-point Time New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and Vipre Virus Protection, version 3.1, has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated:      July 9, 2024

Kenneth W. Gage

**CERTIFICATE OF SERVICE**

I certify that on July 9, 2024, I am causing this Brief to be filed electronically with this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the Appellate CM/ECF system.

Dated:       July 9, 2024

_____
Kenneth W. Gage