CASE NO. 24-1434

UNITED STATES COURT OF APPEALS THIRD CIRCUIT

---

LEE WILLIAMS, *individually and*
*in his representative capacity*

        Plaintiff – Appellant

v.

                                 CLASS ACTION

TECH MAHINDRA (AMERICAS), Inc.

        Defendant – Appellee

---

APPEAL OF THE MARCH 6, 2024 ORDER OF FINAL DISMISSAL BY THE
U.S. DISTRICT COURT, FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 3:20-CV-04684
THE HONORABLE MICHAEL A. SHIPP PRESIDING

---

**REPLY BRIEF OF PLAINTIFF-APPELLANT**
**LEE WILLIAMS**

---

A CIVIL PROCEEDING

---

Mark Hammervold
Daniel Kotchen
KOTCHEN & LOW LLP
1918 New Hampshire Ave. NW
Washington, DC 20009
Telephone: (202) 471-1995
mhammervold@kotchen.com
dkotchen@kotchen.com

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION............................................................................1

POINTS OF REPLY...........................................................................1

   I.   **Williams' Equitable Tolling Argument was Properly Before the District Court**........................................................................................1

   II.   **The District Court Erred in Finding Equitable Tolling was Categorically Inapplicable to Williams' § 1981 Class Claim Bases on the Standard for Rule 15 Legal Tolling.** ....................................................................6

   III.  **This Court Should Not Adopt a Categorical Bar to Wrong Forum Equitable Tolling Where Williams Timely Sought to Assert His Rights in a Wrong Forum though a Motion to Amend in an Existing Class Action, Rather than Through a Separate Complaint**............................................13

   IV.  **TMA's Other Arguments Against Equitable Tolling Should Not be Addressed by this Court in the First Instance, But are also Premature and Incorrect** ..................................................................................15

   A.   **This Court Should Not Address these Arguments in the First Instance** ..........................................................................................16

   B.   **Equitable Tolling was Appropriate because Williams Timely and Reasonably Attempted to Assert his Claim in a Wrong Forum.**...................17

   C.   **Williams Diligently Filed this Action After the Motion to Amend in the *Grant* Class Action was Denied.. ..........................**Error! Bookmark not defined.

**CERTIFICATE OF BAR MEMBERSHIP**........................................................22

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT** .........22

**ELECTRONIC DOCUMENT CERTIFICATE**................................................23

**CERTIFICATE OF SERVICE** ........................................................23

TABLE OF AUTHORITIES

## CASES

*Angles v. Dollar Tree Store,* 494 F. App'x 326 (4th Cir. 2012) .............................7,8

*Bagic v. Univ. of Pittsburgh,* 773 F. App'x 84 (3d Cir. Jun. 11, 2019) ..................18

*Booth v. Carnival Corp.,* 522 F.3d 1148 (11th Cir. 2008) ................................ 10,11

*Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256 (3d Cir. 2006) ...........................4,5

*Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965)........................................ 8,9,10

*China Agritech v. Resh,* 138 S.Ct. 1800 (2018)..........................................................14

*Colletti v. N.J. Transit Corp.,* 50 F. App'x 513 (3d Cir. 2002)................................13

*Cramer v. Sec'y Pa. Dep't of Corr.,* 424 F. App'x 103 (3d Cir. 2011)...................16

*Culp v. Comm'r,* 75 F.4th 196 (3d Cir. 2023) .................................................... 20,21

*D.J.S.-W. v. United States*, 962 F.3d 745 (3d Cir. 2020)...........................................18

*Demby v. City of Camde*, 2023 U.S. App. LEXIS 4239 (3d Cir. 2023) ...................3

*Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386 (3d Cir. 1994) 10,11,13,17

*Dominguez v. Att'y Gen.,* 2021 U.S. App. LEXIS 29393 (3d Cir. 2021)...............21

*Grant v. Tech Mahindra (Americas), Inc.,* 2019 U.S. Dist. LEXIS 226675 (D.N.D. Dec. 5, 2019) ...............................................................................................................5

*Grant v. Tech Mahindra (Americas), Inc.,* 2020 U.S. Dist. LEXIS 19957 (D.N.D. Feb. 6, 2020) ...............................................................................................................5

*Holland v. Florida*, 560 U.S. 631 (2010).....................................................................13

*Husick v. Allegheny County*, 304 F. App'x 977 (3d Cir. 2008) ........................ 16,17

*Hunt v. Piazza*, 253 F. App'x 156 (3d Cir. 2007) ....................................................17

*In re Katz*, 598 F. App'x 837 (3d Cir. 2015).............................................................16

*In re Rosado*, 7 F.4th 152 (3d Cir. 2021)....................................................................16

*Island Insteel Sys. v. Waters*, 296 F.3d 200 (3d Cir. 2002) .............................. 13,14

*Jones v. United States*, 366 F. App'x 436 (3d Cir. 2010) ........................................12

*Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748 (3d Cir. 1983) .............12

*Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748 (3d Cir. 1983).....................24

*Margolis v. Warner Chilcott (US), LLC,* 2018 U.S. Dist. LEXIS 92033 (D.N.J. May 31, 2018).............................................................................................................4

*McKinney v. Fitzgerald,* 2022 U.S. Dist. LEXIS 4278 (D.N.J. Jan. 10, 2022)........3

*Miller v. Hudson (Estate of Miller)*, 528 F. App'x 238 (3d Cir. 2013)....................4

*Miller v. N.J. State Dep't of Corr.* 145 F.3d 616 (3d Cir. 1998) ...................... 13,15

*Nkomo v. Att'y Gen.*, 986 F.3d 268 (3d Cir. 2021) ................................................16

*Oltman v. Holland Am. Line-USA, Inc.*, 538 F.3d 1271 (9th Cir. 2008) ........... 10,11

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)..........3

*Pabon v. Mahanoy,* 654 F.3d 385 (3d Cir. 2011) ....................................................13

*Polysciences, Inc. v. Masrud,* 2023 U.S. App. LEXIS 11635 (3d Cir. May 11, 2023) ...................................................................................................................2,20

*Perelman v. Perelman,* 545 F. App'x 142 (3d Cir. 2013) .........................................3

*Perez v. United States,* 167 F.3d 913 (5th Cir. 1999)............................................10

*Podobnik v. U.S. Postal Serv.,* 409 F.3d 584 (3d Cir. 2005)..................................12

*Ross v. Varano,* 712 F.3d 784 (3d Cir. 2013) ........................................................13

*Rodrigues v. Wells Fargo Bank,* 751 F. App'x 312 (3d Cir. 2018).........................3

*School Dist. v. Marshall,* 657 F.2d 16 (3d Cir. 1981) ...................................... 11,12

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) ....................................................2

*Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999) ................16

*Slater v. Metro S. N.J. State Police,* 2023 U.S. Dist. LEXIS 21119 (D.N.J. Feb. 8, 2023) ...................................................................................................................3,4

*Smith v. Davis,* 953 F.3d 582 (9th Cir. 2020) .......................................................21

*Smith v. Warden Baylor Womens Corr. Inst.,* 2024 U.S. App. LEXIS 4468 (3d Cir. Feb. 27, 2024) ........................................................................................................16

*Tarselli v. Sci,* 726 F. App'x 869 (3d Cir. 2018).....................................................13

*United States v. Kirkham,* 367 F. App'x 539 (5th Cir. 2010) ..............................9,10

*Valdovinos-Lopez v. Att'y Gen.*, 628 F. App'x 817 (3d Cir. 2015) .........................16

*Walck v. Discavage,* 741 F. Supp. 88 (E.D. Penn. 1990) ................................. 18,19

*Williams v. Tech. Mahindra (Ams.), Inc. ("Williams I")*, 70 F.4th 646 (3d Cir. 2023) ............................................................................................................ 5,16,17

*Wiggins v. Albert Einstein Med. Ctr.,* 2022 U.S. App. LEXIS 10973 (3d Cir. Apr. 22, 2022) ..................................................................................................................2

iii

*Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004)................................................................14

**STATUTES & RULES**

28 U.S.C. § 1406.................................................................................................1

42 U.S.C. § 1981 ......................................................................... *passim*

# INTRODUCTION

The District Court erred in denying equitable tolling with respect to Williams' class action 42 U.S.C. § 1981 claim because it confused the legal standard for Rule 15 legal tolling (which depends on whether a motion to amend is granted) with the legal standard for equitable tolling (which requires balancing of the equities and is not reducible to such a mechanical rule).

The District Court's error should not become the law of this circuit because it is contrary to the core principles of equitable tolling and would result in injustice, as well as a proliferation of protective duplicative litigation.

This Court should vacate the motion to dismiss order and remand back to the District Court to decide the applicability of equitable tolling based on the correct legal standard.

In its Appellee Brief (Aple. Br.), TMA also urges this Court to deny equitable tolling for other reasons that the District Court did not entertain or reach. This Court should reject those arguments because they have no merit and should not be resolved by this Court in the first instance.

# POINTS OF REPLY

## I.    Williams' Equitable Tolling Argument was Properly Before the District Court.

TMA begins its Appellee Brief by asking this Court to affirm the dismissal of Williams' Complaint – without considering the merits of equitable tolling – because

1

Williams did not plead facts supporting his equitable tolling argument within his complaint. Aple. Br. at 11-14. This argument should be rejected for four reasons.

First, this Court has recognized – in a published, precedential opinion – that a plaintiff has no duty to anticipate a statute of limitations affirmative defense or to affirmatively plead facts supporting tolling of a filing deadline. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see also Polysciences Inc. v. Masrud*, 2023 U.S. App. LEXIS 11635, at *7 (3d Cir. May 11, 2023). TMA attempts to distinguish *Schmidt* and *Polysciences* on the basis that those cases involved tolling of the statute of limitations due to the discovery rule,[1] rather than equitable tolling, Aple. Br. at 12, n.5, but this Court has made clear that this same principle from *Schmidt* "applies equally to the issue of equitable tolling." *Wiggins v. Albert Einstein Med. Ctr.*, 2022 U.S. App. LEXIS 10973, at *4 (3d Cir. Apr. 22, 2022) (vacating dismissal based on statute of limitations because "the timeliness of [plaintiff]'s Title VII claim cannot be resolved on the face of his amended complaint" where plaintiff raised equitable tolling issue). TMA did not – and cannot – explain why a plaintiff would have an obligation to affirmatively plead facts in a complaint for one tolling doctrine, but not another. *See* Aple. Br. at 12, n.5.

---

[1] This rule tolls the statute of limitations "'until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct.'" *Schmidt*, 770 F.3d at 251 (quotation omitted).

2

TMA's citations are inapposite. In *Oshiver v. Levin Fishbein, Sedran & Berman*, the plaintiff pled facts supporting her tolling arguments under both the discovery rule and equitable tolling within her complaint, but this Court found that those arguments failed as a matter of law. 38 F.3d 1380, 1391-92 (3d Cir. 1994). In *Demby v. City of Camden*, this Court affirmed the dismissal of a *pro se* complaint because "no substantial question [was] presented on appeal," given that it was "clear from the complaint that [plaintiff] knew that he was shot . . . in 2004" and filed his complaint more than 14 years after the applicable statute of limitations expired. 2023 U.S. App. LEXIS 4239, at *2-3 (3d Cir. Feb. 22, 2023). In *Rodrigues v. Wells Fargo Bank, N.A.*, this Court affirmed the dismissal of another *pro se* complaint on multiple independent grounds, including because the complaint was untimely and nothing in the record suggested any basis for tolling. 751 F. App'x 312, 318 (3d Cir. 2018). In *Perelman v. Perelman*, the plaintiff pled the facts supporting his discovery rule tolling argument in his complaint, but the Court found that argument failed as a matter of law. 545 F. App'x 142, 150-51 (3d Cir. 2013). TMA also cites several district court cases that are distinguishable and not persuasive. *See McKinney v. Fitzgerald*, 2022 U.S. Dist. LEXIS 4278, at *1, 4 (D.N.J. Jan. 10, 2022) (based on screening authority, dismissing *pro se* plaintiff's complaint *sua sponte* without prejudice and allowing plaintiff to plead the basis, if any, for tolling statute of limitations); *Slater v. Metro S. N.J. State Police*, 2023 U.S. Dist. LEXIS 21119, at

3

*1, 5, 9 (D.N.J. Feb. 8, 2023) (based on screening authority, dismissing *pro se* former prisoner's complaint asserting false arrest and malicious prosecution claims where plaintiff had pled guilty to predicate charge); *Margolis v. Warner Chilcott (US), LLC*, 2018 U.S. Dist. LEXIS 92033, at *17 (D.N.J. May 31, 2018) (dismissing plaintiffs' complaint as untimely where plaintiffs did not identify any basis – in their second amended complaint or opposition brief – to support equitable tolling).

None of TMA's cases support what TMA asks this Court to do: to reject Williams' valid equitable tolling argument because the facts supporting that defense – although clear from the record – are not specifically pled within the complaint.

Second, this Court has previously recognized that a plaintiff can demonstrate the factual basis for equitable tolling through an affidavit filed with a motion to dismiss response. *Miller v. Hudson (Estate of Miller)*, 528 F. App'x 238, 241 (3d Cir. 2013) (vacating dismissal of complaint and remanding to district court for evidentiary hearing where plaintiff submitted affidavit with motion to dismiss opposition demonstrating potential equitable tolling issue). Here, in support of his response to TMA's motion to dismiss, Williams included an affidavit establishing the facts supporting his equitable tolling argument. Appx. Vol. II at 101-05.

Third, the basic facts supporting equitable tolling of Williams' statute of limitations are undisputed and a matter of public record, so there can be no doubt that such facts were appropriately before the Court. *See Buck v. Hampton Twp. Sch.*

*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.").

TMA concedes that "Williams is correct that the facts here concerning the timeliness of his claim (or the lack thereof) and his proffered basis for wrong-forum tolling are undisputed[.]" Aple. Br. at 9; *see also* Appx. Vol. II, p. 222, n. 8 ("[For his equitable tolling argument,] Williams relies exclusively on undisputed facts known to the Court, all of which reside on the Grant docket. . ."); *see also Williams v. Tech Mahindra* ("*Williams I*"), 70 F.4th 646, 649 (3d Cir. 2023) (recounting those basic facts) (citing *Grant v. Tech Mahindra (Americas), Inc.*, 2019 U.S. Dist. LEXIS 226675, at *1 (D.N.D. Dec. 5, 2019) and *Grant v. Tech Mahindra (Americas), Inc.*, 2020 U.S. Dist. LEXIS 19957, at *1 (D.N.D. Feb. 6, 2020)).

Fourth, TMA waived its argument that Williams had to specifically plead the facts supporting his equitable tolling argument by failing to raise it until its reply brief in support of TMA's renewed motion to dismiss. *See* App. Br. at 53.

Following the first appeal, this Court remanded to the District Court specifically "to consider whether wrong forum tolling applies." *Williams I*, 70 F.4th at 653. When TMA renewed its motion to dismiss, TMA recited the facts supporting Williams' equitable tolling argument, *see* Appx. Vol. II at 32-33, and argued: "wrong forum tolling is patently inapplicable on these facts." *Id.* at 42. TMA did not

argue that Williams' claim should be dismissed because the facts supporting his equitable tolling argument were not specifically pleaded in the complaint. *See id.* Since TMA waited until its reply to raise that issue for the first time, it waived that argument. *See id.* at 220-21; App. Br. at 53. The District Court was correct to not consider or address TMA's argument. *See* Appx. Vol. I at 6-11, 16.

## II.    The District Court Erred in Finding Equitable Tolling was Categorically Inapplicable to Williams' § 1981 Class Claim Based on the Standard for Rule 15 Legal Tolling.

The District Court erred in finding that equitable tolling was inapplicable to Williams' § 1981 class claim based entirely on the fact that the *Grant* court denied the motion to amend, Appx. Vol. I at 11, n. 8, because the District Court erroneously conflated the legal standards for Rule 15 legal tolling and equitable tolling. *See* App. Br. at 39-49.

In explaining its finding that equitable tolling was categorically inapplicable because the *Grant* court denied the motion to amend, the District Court relied on inapposite caselaw on Rule 15 legal tolling. *Id.* at 45-49. The District Court even ignored sections of the same cases where those courts separately addressed equitable tolling issues (and denied it for distinct reasons not at issue here). *Id.* TMA attempts to downplay the District Court's reliance on these cases, *see* Aple. Br. at 19, but it is clear that the District Court decided the equitable tolling issue based solely on the fact that the motion to amend was denied, without "assess[ing] the remaining inquiry

6

of whether Plaintiff exercised due diligence in pursuing and preserving his claim." Appx. Vol. I at 16, n. 8.

The District Court's decision was plainly incorrect because the legal standard for Rule 15 legal tolling is materially different from the legal standard for equitable tolling.

TMA argues that *Angles v. Dollar Tree Stores* is "directly on point" and "plainly support[s]" the District Court's holding. Aple. Br. at 18 (citing 494 F App'x 326 (4th Cir. 2012)). *Angles* was an unpublished split panel decision from the Fourth Circuit. In that case, both the panel majority and the dissent separately analyzed the issue of Rule 15 legal tolling and equitable tolling. *Angles*, 494 F App'x at 329-31, 332; *see also* App. Br. at 46-47. The panel majority reviewed the Rule 15 tolling issue *de novo* and affirmed dismissal entirely because the plaintiffs' motion to amend had been denied. *Angles*, 494 F App'x at 329. The District Court erroneously relied on this portion of *Angles* in finding equitable tolling was categorically unavailable to Williams. Appx., Vol. I, at 15 (citing *Angles*, 494 Fed. Appx. at 328).

The *Angles* panel majority separately reviewed the district court's denial of equitable tolling for an abuse of discretion. *Angles*, 494 F App'x at 332 ("we certainly can discern no abuse of discretion in [the district court's] decision"). It found no abuse of discretion because it agreed that equitable tolling should not be applied based on the specific facts of that case. *Id.* at 333 (analyzing equitable tolling

7

issue and holding that "under these particular circumstances, we agree with the district court that equitable tolling was not appropriate."); *see also* App. Br. at 46-47 (distinguishing those facts).

Neither *Angles* – nor any other case – supports the District Court's finding that a plaintiff can never benefit from wrong forum tolling based on the timely, but mistaken, assertion of rights through a motion to amend in a wrong forum.

TMA primarily argues that a plaintiff's claim must be "timely filed . . . and therefore commenced" for wrong forum equitable tolling to apply. Aple. Br. at 15; *see id.* at 14-18. However, none of TMA's caselaw supports that the filing of an original complaint is the only way for a plaintiff to demonstrate their reasonable diligence in pursuing a claim in a venue that turned out to be the wrong forum.

In *Burnett v. New York Central Railroad Co.*, the Supreme Court found that equitable tolling should be applied where a plaintiff mistakenly filed an FELA claim in state court before the statute of limitations expired that was later dismissed for improper venue after the statute of limitations had run. 380 U.S. 424, 436 (1965). The Court found that the interests of justice in resolving the case on the merits outweighed the policy of repose, and thus equitable tolling should be applied, because the plaintiff had "not sle[pt] on his rights" and the defendant "could not have relied on the policy of repose embodied in the limitation statute, for it was aware that [plaintiff] was actively pursuing his FELA remedy." *Id.* at 429-30. The court

also explained that it would be unfair to deny equitable tolling based on the timely filing of a state court lawsuit because 28 U.S.C. § 1406 allows the transfer of a federal lawsuit mistakenly filed in the wrong venue. *Id.* at 430-33. Since § 1406 exists to ensure that a plaintiff "not be penalized by time consuming and justice defeating technicalities," but a state court lawsuit cannot be transferred to federal court, denying equitable tolling "would produce a substantial nonuniformity by creating a procedural anomaly." *Id.* at 430, 433.

TMA argues that because the plaintiff in *Burnett* filed a lawsuit in state court, filing a lawsuit must be an essential ingredient for wrong forum tolling. Aple. Br. at 14-15. But this is the wrong takeaway from *Burnett*. The reasoning of *Burnett* demonstrates that equitable tolling should not turn on a "procedural anomaly" that has no significance in the broader weighing of the equities. While the plaintiff in *Burnett* demonstrated his diligence – and the defendant's diminished reliance on the policy of repose – based on a previous filing of a complaint in state court, the *Burnett* Court never held that the filing of an original complaint was the only way to do this.

*United States v. Kirkham* does not support TMA's argument or its interpretation of *Burnett*. *See* Aple. Br. at 16 (citing 367 F. App'x 539, 543 (5th Cir. 2010)). There, the Fifth Circuit affirmed the dismissal of a *pro se* plaintiff's lawsuit that was first filed *after* the statute of limitations had run due to the plaintiff's own clerical error in addressing the envelope for filing. *Kirkham*, 367 F. App'x at 543.

9

The court distinguished *Burnett* and *Perez v. United States*, 167 F.3d 913 (5th Cir. 1999) because, like here, the defendants in those case received notice of the claims against them through filings made before the statute of limitations. *Id.* The *Kirkham* case also distinguished *Burnett* and *Perez* because the nature of the errors in those cases "would have been uncovered through more careful legal research" and "neither was a 'garden variety claim of excusable neglect' because the plaintiffs in each case 'took some step recognized as important by the statute before the end of the limitations period.'" *Id.* at 542-43. As such, this case is far more akin to *Burnett* and *Perez* than *Kirkham*. *See* Appx. Vol. II at 103-105, ¶¶ 11, 13-17.

Several more of TMA's authorities merely recognize that where a plaintiff had filed a complaint in a wrong forum, equitable tolling should be applied. *See Booth v. Carnival Corp.*, 522 F.3d 1148, 1152 (11th Cir. 2008) (affirming denial of motion to dismiss and finding that equitable tolling should be applied based on prior filing of a lawsuit within the statute of limitations); *Oltman v. Holland Am. Line-USA, Inc.*, 538 F.3d 1271 (9th Cir. 2008) (reversing summary judgment on claim as time-barred because equitable tolling applied where the plaintiff had previously filed claim in state court, which was an improper venue); *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994) (vacating summary judgment where plaintiff timely filed lawsuit instead of timely demanding arbitration). While the ultimate holding of these cases is inapposite, their reasoning supports applying

10

equitable tolling here. *See Booth*, 522 F.3d at 1152 (reasoning that because plaintiff "in no way slept on his claims" and the defendant "was aware within the limitation period that Booth was actively pursuing his cause of action," "[t]he underlying policy of repose, . . . is not violated by equitable tolling in this case. To the contrary, the interests of justice are best served here, as in *Burnett*, by allowing the parties to resolve [plaintiff's] claims on the merits."); *Oltman,* 538 F.3d at 1280 (reasoning that the "policy of repose [was] outweighed by the interests of justice" where plaintiffs "did not sleep on their claims" and defendants learned of their claims "on a timely basis" through a filing in an improper venue); *Doherty*, 16 F.3d at 1394 (reasoning that "a[n] [understandable] filing in the wrong forum by a lawyer and law firm" may be the type of mistake that merits equitable tolling). Like these cases, the policy of repose is outweighed by the interest of justice in resolving these cases on the merits because: (1) Williams did not sleep on his claim, but actively sought to raise that claim in the *Grant* class action during the limitations period; and (2) TMA received timely notice that Williams intended to pursue his § 1981 class claim.

The other cited cases cited by TMA are simply inapposite. In *School District v. Marshall,* the court found that the Secretary of Labor erred in equitably excusing the late filing of an administrative complaint on the basis that (1) no one was prejudiced; (2) the filing deadline was permissive, not mandatory; (3) the Act was remedial; and (4) the claimant was unaware of the statute. 657 F.2d 16, 19 (3d Cir.

1981) (cited by Aple Br. at 15). The claimant did not timely and reasonably assert the complaint at issue in a wrong forum. *Id*;² *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005) (rejecting alternative basis for equitable tolling based on wrong forum tolling where the plaintiff did not submit any complaint (in a right or wrong forum) before statute of limitations period); *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983) (rejecting equitable tolling where plaintiff did not file timely charge with EEOC based on claimed personal problems and allegedly being misled by the EEOC); *Jones v. United States*, 366 F. App'x 436, 441 (3d Cir. 2010) (rejecting "puzzling" wrong forum equitable tolling argument when plaintiff first filed his claim "in the correct forum," but "after the claim was time-barred"). TMA primarily relies on these cases for acontextual quotes that refer to a previous "filing" when discussing wrong forum equitable tolling. *See* Aple Br. 15.

TMA has not cited any case where a court has held that a plaintiff must file an original complaint – rather than, *e.g.*, a motion to amend – to benefit from wrong forum tolling. While this Court has not directly answered that question, it has repeatedly counseled against adopting such a rigid, mechanical and categorical rule,

---

² The Secretary of Labor originally stated that a timely letter constituted a complaint, but this point was not defended on appeal because the letter was not a complaint and it was "clear" that the statute required the complaint to be made to the Secretary of Labor, not the EPA. *Id.* at *19.

to the exclusion of weighing the equities on a case-by-case basis. *See e.g.*, *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013); *Doherty*, 16 F.3d at 1394; *Island Insteel Sys. v. Waters*, 296 F.3d 200, 219 (3d Cir. 2002); *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *Tarselli v. Sci*, 726 F. App'x 869, 873 (3d Cir. 2018); *Colletti v. N.J. Transit Corp.*, 50 F. App'x 513, 517 (3d Cir. 2002).

TMA tries to argue that the absence of on-point precedent is a reason to deny equitable tolling, Aple. Br. at 17, but this Court has counseled that "rigid reliance on precedent should be avoided" because equitable tolling requires flexibility and is not amenable to mechanical rules. *Pabon*, 654 F.3d at 399 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010)).

### III. This Court Should Not Adopt a Categorical Bar to Wrong Forum Equitable Tolling Where Williams Timely Sought to Assert His Rights in a Wrong Forum through a Motion to Amend in an Existing Class Action, Rather Than Through a Separate Complaint.

TMA urges this Court to adopt an entirely new categorical limitation on wrong forum equitable tolling but makes no persuasive case for such a rule. *See* Aple Br. at 14-29. This Court should decline to do so for several reasons.

First, there is no meaningful or equitable difference between applying equitable tolling when a court unexpectedly dismisses a complaint based on a venue defect and applying equitable tolling when a court unexpectedly denies a motion to amend based on a venue defect. In both cases, the plaintiff can show they timely and

13

diligently attempted to assert their rights, and the defendant received fair notice of their claim(s). *See Island Insteel Sys.*, 296 F.3d at 217-18 (noting that equitable tolling avoids unfairness to plaintiffs who diligently prosecute their claims but protects defendants because it only applies when they receive notice of a plaintiff asserting a claim before the limitations period expires). This is particularly true in the immediate context, because a motion to amend was the correct procedural device for Williams to assert his class claim in the existing *Grant* class action, which he reasonably believed was the correct venue for that claim. Appx. Vol. II at 103, ¶ 11.

Second, if wrong forum equitable tolling became unavailable in the circumstances presented in this case, it would increase the occurrence of harsh and arbitrary outcomes in class litigation. *See* App. Br. at 34-36.[3] Here, TMA does not dispute that Williams did exactly what the Supreme Court counseled in *China Agritech,* 138 S. Ct. 1800 (2018) to avoid a potential adequacy issue with the class representative: he timely stepped forward and sought to serve as a class representative in the existing class action. *Id.* at 36.

TMA argues that Williams could have done more: he could have simultaneously pursued the motion to amend *and* protectively filed a separate

---

[3] One reason the Third Circuit may not have previously addressed the precise issue presented in this appeal because, prior to *China Agritech* (in 2018), this Court held that a plaintiff like Williams was entitled to *American Pipe* legal tolling to avoid these concerns. *See Yang v. Odom*, 392 F.3d 97, 111 (3d Cir. 2004).

duplicative class action lawsuit. *Id*. at 32. But TMA's argument only illustrates the vacuousness and danger of its position. TMA already had full notice of Williams' claims within the statute of limitations. It would have served *no benefit* to TMA if Williams had made multiple protective filings across two or more jurisdictions. In fact, it would have only increased TMA's costs. If TMA's position is adopted, it will encourage potential lead plaintiffs to file duplicative lawsuits in every potential jurisdiction that could be the correct venue.

Third, the injustice of the categorical rule urged by TMA is amplified by the fact that traditional equitable analysis already filters out all but the most extraordinary and deserving cases, where fairness requires application of equitable tolling. *See Miller*, 145 F.3d at 618 ("Equitable tolling" is proper when the "principles of equity would make the rigid application of a limitation period unfair."). As such, TMA's inflexible rule will only result in time-barring cases where the interests of justice would otherwise require tolling.

## IV.    TMA's Other Arguments Against Equitable Tolling Should Not Be Addressed by this Court in the First Instance, But are also Premature and Incorrect.

TMA argues that Williams' statute of limitations should not be equitably tolled because he was not reasonably diligent in pursuing his § 1981 class action claim. *See* Aple. Br. at 26-32. However, the District Court never reached this issue,

Appx. Vol. I at 16, n. 8, so this Court should not address the issue in the first instance. In any event, TMA's arguments are premature and mistaken.

## A. This Court Should Not Address these Arguments in the First Instance.

"[T]he application of equitable tolling is normally a matter reserved to the sound discretion of the district court" and therefore, is "appropriately addressed by district courts in the first instance." *Williams I*, 70 F.4th at 649, 651; *see Island Insteel Sys.*, 296 F.3d at 205 ("Application of this equitable tolling doctrine, like most equitable doctrines, is committed to the discretion of the district court in the first instance."); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 242 (3d Cir. 1999) ("[S]ince the sensitive decision as to whether to equitably toll the time limit involves weighing and balancing (and possibly further factual development), we will leave the decision of whether to apply equitable tolling to the discretion of the District Court in the first instance."); *see also Smith v. Warden Baylor Womens Corr. Inst.*, 2024 U.S. App. LEXIS 4468, at *21 (3d Cir. Feb. 27, 2024) (vacating and remanding dismissal for district court to determine application of equitable tolling issue based on petitioner's reasonable diligence); *Nkomo v. Att'y Gen.*, 986 F.3d 268, 273 (3d Cir. 2021) (same); *In re Rosado*, 7 F.4th 152, 157 (3d Cir. 2021) (same); *In re Katz*, 598 F. App'x 837, 838 (3d Cir. 2015) (same); *Valdovinos-Lopez v. Att'y Gen.*, 628 F. App'x 817, 821 (3d Cir. 2015) (same); *Cramer v. Sec'y Pa. Dep't of Corr.*, 424 F. App'x 103, 106 (3d Cir. 2011) (same); *Husick v. Allegheny*

16

*County*, 304 F. App'x 977, 979 (3d Cir. 2008) (same); *Hunt v. Piazza*, 253 F. App'x 156, 159 (3d Cir. 2007) (same).

Here, since the District Court did not address whether Williams' statute of limitations should be equitably tolled based on the correct legal standard, *see* App. Br. at 39-49, this Court should vacate and remand the case back for the District Court to appropriately decide the issue in the first instance. *See id* at 54.

### B. Equitable Tolling was Appropriate because Williams Timely and Reasonably Attempted to Assert his Claim in a Wrong Forum.

Williams' statute of limitations should be equitably tolled because he timely and reasonably attempted to assert his § 1981 class claim in the existing *Grant* class action. *See* App. Br. 24-31.

TMA appears to argue that Williams must show some "extraordinary circumstance" beyond Williams reasonably, but mistakenly, trying to assert that claim in a wrong forum. Aple. Br. at 26-27. However, the Third Circuit has recognized that equitable tolling is appropriate when "the plaintiff has in some extraordinary way been prevented from asserting his rights, ***or*** the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Doherty*, 16 F.3d 1386-94 (emphasis added); *see also Williams I*, 70 F.4th at 650 (noting the "three traditional forms of equitable tolling: deception tolling, extraordinary-circumstances tolling, and wrong-forum tolling.") (citing *D.J.S.-W. v. United States,* 962 F.3d 745, 750 (3d Cir. 2020). Since these categories are

17

disjunctive, there is no additional "extraordinary circumstance" requirement when a plaintiff can establish the other elements of wrong forum equitable tolling. *See e.g.*, *Walck v. Discavage*, 741 F. Supp. 88, 91 (E.D. Penn. 1990) (applying wrong-forum tolling after finding "there is no evidence that plaintiff has been extraordinarily prevented from asserting her rights") (cited with approval by TMA at Appx. Vol. II at 39).

Here, Williams has sufficiently shown that it was reasonable to attempt to litigate his § 1981 class claim through in the existing *Grant* class action because Mr. Grant had already asserted identical claims on behalf of the same putative class (of which Mr. Williams was a member), TMA had not previously objected to venue or personal jurisdiction, Appx. Vol. II at 104, ¶ 14, and, as TMA concedes, "the first filed rule may have applied" to preclude Williams from filing a separate class action. Aple. Br. at 29; *see* Appx. Vol. II at 104-05, ¶ 15. TMA's argument otherwise is flawed for two reasons. First, at the pleadings stage, all inferences must be drawn in the plaintiff's favor. *See e.g.*, *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 88-89 (3d Cir. Jun. 11, 2019) ("When considering a motion to dismiss, a district court cannot weigh competing inferences and forgo drawing a reasonable one in the plaintiff's favor."). Second, determining the "reasonableness" of Williams' decision to file the motion to amend in *Grant*, rather than a separate duplicative class action lawsuit is premature at the pleadings stage. *See* App. Br. at 49-52.

18

### C. Williams Diligently Filed this Action After the Motion to Amend in the *Grant* Class Action was Denied.

Williams timely and diligently filed his § 1981 class claim in this case after the motion to amend to add his claims in the *Grant* class action was denied. *See* App. Br. at 31-33.

TMA argues that Williams' decision to continue pursuing the motion to amend, rather than filing a duplicative, separate class action lawsuit became unreasonable when he learned that TMA objected to the motion to amend or at the time that Williams filed this Reply, which TMA construes as "ask[ing] that the court deny his motion so that Williams could refile 'elsewhere.'" Aple. Br. at 28, 30. Yet again, these arguments have no merit and are premature at the pleadings stage. *See Polysciences, Inc.*, 2023 U.S. App. LEXIS 11635, at *7 (reasonable diligence is a question of fact that is generally inappropriate to decide at the motion to dismiss stage).

Even after Williams learned that TMA objected to the motion to amend, it remained reasonable to pursue his claim in the *Grant* class action because his counsel reasonably believed that objection was meritless and the motion to amend was the appropriate vehicle to pursue his claim. Appx. Vol. II at 105, ¶ 17. TMA's argument also highlights that the *Grant* class action only became a "wrong forum" for Williams' § 1981 class claim due to TMA's objection. TMA could have avoided any

delay and fast-tracked the resolution of the class claims at issue on the merits by foregoing its objection.

TMA misconstrues the record in *Grant*. Williams did not "ask[] the court to deny his motion so [he] could refile 'elsewhere.'" Aple. Br. at 28. Rather, Williams continued to urge the Court to join his claims, but conceded that if the court granted TMA's motion to compel arbitration of Mr. Grant's claims, TMA's objections to personal jurisdiction and venue would be meritorious. *See* Pls' Reply at 1, Dkt. 54, *Grant v. Tech Mahindra, Inc.*, No. 3:18-c -00171 (D.N.D. June 26, 2019) ("If the Court denies TMA's pending Motion to Compel Arbitration (Dkt. # 40), so that Mr. Grant's claims remain in federal court, leave to amend should be granted because joinder is proper and personal jurisdiction exists.").[4]

TMA concedes that Williams timely re-filed his § 1981 class claim if his statute of limitations time was considered "paused" during the time he attempted to pursue that claim in the existing *Grant* class action. But TMA argues that this is "not how courts measure reasonable diligence before tolling a claim." Aple Br. at 31, n.10. However, TMA only cites nonbinding cases from other circuits, which do not ultimately support its position. Aple. Br. at 31, n.10; *but see Culp v. Comm'r,* 75

---

[4] As such, the magistrate judge's statement that the district judge should deny leave to amend the complaint per the statement in Grant's reply brief, Appx. Vol. II at 162, referred to Grant's concession that if the motion to compel arbitration was granted, TMA's objections to personal jurisdiction and venue should be sustained. As such, Williams' claims were ultimately not joined based on lack of jurisdiction and venue.

F.4th 196, 203 (3d Cir. 2023) (equitable tolling "pauses" the statute of limitations). In *Smith v. Davis*, the Ninth Circuit acknowledged that the "stop-clock method [is] easier to administer, [and] more in line with Supreme Court precedent on equitable tolling," but chose to endorse a flexible, case-specific approach to equitable tolling. 953 F.3d 582, 589, 599 (9th Cir. 2020). This approach does not support dismissal because Williams' diligence presents an open-ended question of fact that is premature at the pleadings stage. *See Schmidt*, 770 F.3d at 252 ("Requiring [plaintiff] to make a showing of reasonable diligence was premature."); *see also e.g.*, *Dominguez v. Att'y Gen.*, 2021 U.S. App. LEXIS 29393, at *6 (3d Cir. Sept. 29, 2021) (filing within 90 days "might demonstrate the due diligence necessary to justify equitable tolling."). That equitable tolling must be applied in a flexible and case-specific manner also undercuts TMA's primary argument in this appeal. *See supra* § II.


DATED: August 13, 2024                    Respectfully submitted,

                                          s/Mark Hammervold
                                          Mark Hammervold
                                          Daniel Kotchen
                                          KOTCHEN & LOW LLP
                                          1918 New Hampshire NW
                                          Washington, DC 20009
                                          Telephone: (202) 471-1995
                                          mhammervold@kotchen.com
                                          dkotchen@kotchen.com
                                          *Attorneys for Plaintiff/Appellant*
                                          *Lee Williams*

## **CERTIFICATE OF BAR MEMBERSHIP**

The undersigned hereby certifies pursuant to L.A.R. 46.1 that the attorneys whose names appear on the Brief of Appellant were duly admitted to the Bar of the United States Court of Appeals for the Third Circuit in 2021 and are presently members in good standing at the Bar of said court.

Dated: August 13, 2024                        s/Mark Hammervold

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

This document complies with the type-volume limit of FED. R. APP. P. 28(j) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 5,376 words. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14, and font size 14 for footnotes.

Dated: August 13, 2024                        s/Mark Hammervold

## **ELECTRONIC DOCUMENT CERTIFICATE**

The undersigned hereby certifies that the PDF file and hard copies of Plaintiff-Appellant's Reply Brief are identical. This brief has been automatically scanned during preparation and upon sending by the following virus detection programs: Windows Defender software program, and no viruses were detected.

Dated: August 13, 2024                                **s/Mark Hammervold**


## **CERTIFICATE OF SERVICE**

I hereby certify that Counsel of Record for TMA agreed to accept service of this brief electronically, and that a true and correct copy of the foregoing was electronically served on the following counsel of record on August 13, 2024:

> Kenneth Gage
> Daniel Richards
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> kennethgage@paulhastings.com
> danrichards@paulhastings.com

Dated: August 13, 2024                                **s/Mark Hammervold**